1   William E. Cooper, Esq.
    William E. Cooper Law Offices
2   Nevada State Bar No. 2213
    601 E. Bridger Avenue
3   Las Vegas, Nevada 89101
    (702) 382-5111
4
    Attorney for Defendant,
5       Riccardo Iavarone

6

7

8                  IN THE UNITED STATES DISTRICT COURT

9                      FOR THE DISTRICT OF NEVADA

10

11

12  GRAND CANAL SHOPS II, LLC, a         )
    Delaware limited liability company,  )
13                                       )
                          Plaintiff,     )      **NOTICE OF REMOVAL OF ACTION**
14                                       )      **UNDER 28 U.S.C. §1441(b) (Diversity)**
    vs.                                  )
15                                       )
    RICCARDO IAVARONE; and DOES I        )
16  through X, inclusive,                )
                                         )
17                        Defendant.     )
                                         )
18  ──────────────────────────────────────

19  TO:    CLERK OF THE ABOVE-ENTITLED COURT:

20         PLEASE TAKE NOTICE that Defendant Riccardo Iavarone ("Iavarone") hereby removes

21  to this court the state court action described below.

22         1.      On November 9, 2011, an action was commenced in the Eighth Judicial District Court

23  of the State of Nevada, in and for the County of Clark, entitled: *Grand Canal Shops II, LLC v.*

24  *Riccardo Iavarone*, Case No. A-11-651-462-C, Dept. No. XIX.  A copy of the Complaint is attached

25  hereto as Exhibit 1.

26         2.      The first date upon which Defendant Iavarone received service of the Summons and

27  Complaint was January 24, 2012.  A copy of the Summons and Acceptance of Service is attached

28  hereto as Exhibit 2.

                                          1

3.      On February 9, 2012, Defendant Iavarone filed his Answer to the Complaint in the Eighth Judicial District Court. A copy of the Answer is attached hereto as Exhibit 3.

4.      This action is a civil action over which this court has original jurisdiction under 28 U.S.C. §1332, and is one which may be removed to this court by Defendant Iavarone pursuant to the provisions of 28 U.S.C §1441(b) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, because in another civil action commenced in the Eighth Judicial District Court, in and for the County of Clark, entitled *Grand Canal Shops II, LLC v. Lanciani of Las Vegas, Inc.*, Case No. 09A596584, Dept. No. XI, Plaintiff recovered a money judgment in excess of $244,898 which Plaintiff now seeks to recover from Defendant Iavarone in this action under the theory that he was the alter ego of Lanciani of Las Vegas Inc. at all relevant times. A copy of the Default Judgment in Case No. 09A596584 is attached hereto as Exhibit 4.

5.      Complete diversity of citizenship exists, both at the time when this action was filed and at the time of removal, in that Plaintiff Grand Canal Shops II, LLC, is a Delaware Limited Liability Company and its members/managers are citizens of the State of Illinois. See, Nevada Secretary of State official public record attached to Defendant's Answer as Exhibit A; and at all relevant times Defendant Iavarone was and is domiciled in and a resident and citizen of the State of New York. See, Riccardo Iavarone's Affidavit attached to his Answer as Exhibit B.

6.      There are no other named Defendants in this action that have been served with a Summons and Complaint.

Dated this 10th day of February, 2012.

WILLIAM E. COOPER LAW OFFICES


By   /s/ William E. Cooper, Esq.     
     William E. Cooper, Esq.
     Nevada State Bar No. 2213
     601 E. Bridger Avenue
     Las Vegas, Nevada 89101
     Attorney for Defendant,
       Riccardo Iavarone

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(b) (Diversity)**, has been forwarded to the following parties on the 10th day of February, 2012.

> ***Via Regular Mail***
> Lesley B. Miller
> Kaempfer Crowell Renshaw
> Gronauer & Fiorentino
> 8345 W. Sunset Road, Suite 250
> Las Vegas, Nevada 89113


By:    /s/ Diedre N. Hoffman
       Diedre N. Hoffman, an employee
       of William E. Cooper Law Offices

3

**EXHIBIT 1**

Electronically Filed
11/09/2011 03:06:23 PM

**CLERK OF THE COURT**

1  **COMP**
   JAMES E SMYTH II
2  Nevada Bar No. 6506
   LESLEY B. MILLER
3  Nevada Bar No. 7987
   ANTHONY J. CELESTE
4  Nevada Bar No. 8776
   KAEMPFER CROWELL RENSHAW
5  GRONAUER & FIORENTINO
   8345 West Sunset Road, Suite 250
6  Las Vegas, Nevada  89113
   Telephone:  (702) 792-7000
7  Fax:          (702) 796-7181
   jsmyth@kcnvlaw.com
8
   *Attorneys for Plaintiff* **Grand Canal Shops II, LLC**
9

10                     DISTRICT COURT

11                 CLARK COUNTY, NEVADA

12

13  GRAND CANAL SHOPS II, LLC, a Delaware
    limited liability company,                    Case No. A-11-651462-C
14                                                 Dept. No. XIX
              Plaintiff,
15  vs.                                            **COMPLAINT**

16  RICCARDO IAVARONE; and DOES I
    through X, inclusive,
17
              Defendant.
18

19      Plaintiff, GRAND CANAL SHOPS II, LLC ("Plaintiff"), by and through its attorneys,

20  Kaempfer Crowell Renshaw Gronauer & Fiorentino, for its Complaint against the above-named

21  Defendant, alleges as follows:

22                          **PARTIES**

23      1.    Plaintiff is, and at all times relevant herein was, a Foreign Limited-Liability

24  Company.

1050570_1.DOC  11453.198                                    Page 1 of 7

2.      Upon information and belief, Defendant, RICCARDO IAVARONE ("IAVARONE"), at all times relevant herein, was a resident of and living in the State of Nevada, County of Clark.

3.      The true names of the Defendants identified as "Does 1 through 10" [Doe Defendants], are either unknown to Plaintiff, or their specific role in the conducts alleged herein are presently unknown to Plaintiff, and therefore Plaintiff sues the Doe Defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to allege the true names and capacities of the Doe Defendants at such time when they are ascertained.  Plaintiff believes they will be able to identify Doe Defendants after appropriate discovery has been completed.

## JURISDICTION AND VENUE

4.      Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs as if set forth in full herein.

5.      This Court has personal jurisdiction over the Defendant because (a) the Defendant was a resident of Nevada for purposes of personal jurisdiction and conduct business in Nevada, and (b) the causes of action arise from events taking place at least in part in Nevada.

6.      Pursuant to N.R.S. § 13.040, venue in this Court is appropriate because the one Defendant resided in this County.

## GENERAL ALLEGATIONS

7.      Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs as if set forth in full herein.

8.      On or about March 21, 2007, Plaintiff, as Landlord, entered into a Lease agreement (hereinafter the "Lease") with Lanciani of Las Vegas Inc., a Nevada corporation, dba Lanciani Travel Jewelry ("Lanciani"), as Tenant.  The Lease was executed by Defendant IAVARONE  in his capacity of president of Lanciani.

KAEMPFER CROWELL RENSHAW
GRONAUER & FIORENTINO
8345 West Sunset Road
Suite 250
Las Vegas, Nevada 89113

9.     Pursuant to the terms of the Lease, Lanciani agreed to lease Space #2010 in the GCS Mall, located at 3377 Las Vegas Boulevard South, Las Vegas, Nevada 89109 (the "Leased Premise").

10.    The term of the Lease was for approximately ten (10) years commencing on June 1, 2007, and expiring February 28, 2017.

11.    Pursuant to the terms of the Lease, Lanciani agreed to a Fixed Minimum Rent payment schedule as well as other periodic payments as additional "Rent" for real property taxes, utilities, Lanciani's prorata share of common area expenses (CAMs) and the Marketing, Advertising, Promotional Service Charge.

12.    On or about May 1, 2001, Plaintiff and Lanciani entered into the First Amendment of Lease agreement which re-defined the Rent Commencement Date as June 22, 2007, and made no other changes or modifications to the Lease and ratified and confirmed all remaining terms of the Lease.  The First Amendment was executed by Defendant IAVARONE as president of Lanciani.

13.    On or about December 1, 2008, Lanciani ceased making payments owed to Plaintiff under the Lease.

14.    On or about May 29, 2009, Plaintiff sent Lanciani a Notice of Default for Non-Payment of Rent and Other Charges in the amount of $79,685.47.

15.    Notwithstanding receipt of the Notice of Default, Lanciani failed to make payment of rent and other charges to Plaintiff and on June 16, 2009, served upon Lanciani a Five Day Notice to Pay or Quit the premises.

16.    Lanciani failed and refused to pay the amounts owed and shortly after service of the Five Day Notice, Lanciani vacated the Lease Premises.

17.    Lanciani did not made any of the payments owed under the Lease and on August

KAEMPFER CROWELL RENSHAW
GRONAUER & FIORENTINO
8345 West Sunset Road
Suite 250
Las Vegas, Nevada 89113

4, 2009, Plaintiff filed a Complaint for Damages in the Eighth Judicial District Court, case number A5965814 ("District Court Action").

18.   On December 22, 2009, Clerk's Default was entered against Lanciani.

19.   On September 20, 2010, an Order Granting Default Judgment against Lanciani was entered in the District Court Action in favor of Plaintiff.

20.   Plaintiff is informed and believes and therefore alleges that Defendant IAVARONE is and/or was an officer, director, shareholder and/or owner of Lanciani, and is and was the primary beneficiary of all ownership interests therein.  In the exercise of ownership rights and the exercise of duties as officer, director, shareholder, and/or owner, IAVARONE exercised complete control over the activities and operations of Lanciani to the extent that Lanciani performed acts as the mere alter ego of Defendant IAVARONE.  To recognize Lanciani as a separate entity and insulate the IVARONE from liability would in effect sanction injustice and operate as a fraud against Plaintiff.

21.   Plaintiff is further informed and believes that Defendant IAVARONE commingled funds and other assets, failed to segregate funds of Lanciani, conducted the unauthorized diversion of corporate funds or assets, including the use of a corporation as a mere shell, instrumentality or conduit for a single venture or the business of an individual or another corporation, and formed and used a corporation to transfer to it the existing liability of another person or entity.

## FIRST CLAIM FOR RELIEF

### Alter Ego

22.   Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs as if set forth in full herein.

KAEMPFER CROWELL RENSHAW
GRONAUER & FIORENTINO
8345 West Sunset Road
Suite 250
Las Vegas, Nevada 89113

23.     At all times relevant herein, Lanciani was influenced and governed by Defendant IAVARONE, who is and was the president, an officer, a director, a shareholder, and/or an owner of Lanciani and the primary beneficiary of all ownership interests therein.

24      Upon information and belief, there is a unity of interest and ownership between Lanciani and Defendant IAVARONE such that one is inseparable from the other.

25.     Upon information and belief, Defendant IAVARONE treated the assets of Lanciani as assets of IAVARONE.

26.     Upon information and belief, Defendant IAVARONE c ommingled funds and other assets, failed to segregate funds of Lanciani, conducted the unauthorized diversion of corporate funds or assets, including the use of a corporation as a mere shell, instrumentality or conduit for a single venture or the business of an individual or another corporation, and formed and used Lanciani to transfer to it the existing liability of IAVARONE.

27.     Upon information and belief, Defendant IAVARONE transferred assets from Lanciani to another entity in order to avoid payment of the debt owed to Plaintiff by Lanciani.

28.     Upon information and belief, IAVARONE was the alter ego of Lanciani so that to maintain the corporate formality would sanction a fraud or promote injustice to Plaintiff.

29.     Plaintiff requests that the Court find that Defendant IAVARONE was the alter ego of Lanciani, or that Defendant IAVARONE funneled assets to another entity owned by IAVARONE, and that this Court disregard corporate formalities and hold IAVARONE individually liable for all damages awarded in favor of Plaintiff.

30.     Upon information and belief, Defendant IAVARONE's acts include, but are not limited to, commingling of funds, undercapitalization, unauthorized diversion of funds, treatment of corporate assets as the individual's own, and failure to observe corporate formalities.

KAEMPFER CROWELL RENSHAW
GRONAUER & FIORENTINO
8345 West Sunset Road
Suite 250
Las Vegas, Nevada 89113

31.    Defendant IAVARONE's actions have caused damages to Plaintiff in an amount in excess of $10,000.00, plus interest and costs.

32.    Plaintiff has incurred legal expenses and fees in connection with Defendant IAVARONE's actions and Plaintiff is entitled to recovery of such legal expenses and fees as it has been forced to retain the services of attorneys to prosecute this action.

WHEREFORE, Plaintiff prays for judgment against Defendant RICCARDO IAVARONE, as follows:

1.    For judgment against Defendant IAVARONE in an amount in excess of $10,000.00, which amount shall be proven at trial;

2.    For a judgment against Defendant IAVARONE for the past-due rent and charges and the future rent and charges owed under the Lease;

3.    For an award of pre-judgment and post-judgment interest on all amounts due and owing to Plaintiff.

4.    For attorneys' fees and costs; and

/././

/././

/././

/././

/././

/././

/././

/././

KAEMPFER CROWELL RENSHAW
GRONAUER & FIORENTINO
8345 West Sunset Road
Suite 250
Las Vegas, Nevada 89113

1050570_1.DOC  11453.198

5.      For such other and further relief as the Court may deem just and proper.

DATED this _____ day of November, 2011.

KAEMPFER CROWELL RENSHAW
GRONAUER & FIORENTINO

BY: _____
JAMES E. SMYTH II (Nevada Bar No. 6506)
LESLEY B. MILLER (Nevada Bar No. 7987)
ANTHONY J. CELESTE (Nevada Bar No. 8776)
8345 West Sunset Road, Suite 250
Las Vegas, Nevada 89169
*Attorneys for Plaintiff*

**EXHIBIT 2**

Electronically Filed
01/25/2012 01:09:37 PM

*(signature)*

**CLERK OF THE COURT**

1   **ASCR**
    JAMES E SMYTH II
2   Nevada Bar No. 6506
    LESLEY B. MILLER
3   Nevada Bar No. 7987
    ANTHONY J. CELESTE
4   Nevada Bar No. 8776
    KAEMPFER CROWELL RENSHAW
5   GRONAUER & FIORENTINO
    8345 West Sunset Road, Suite 250
6   Las Vegas, Nevada  89113
    Telephone:   (702) 792-7000
7   Fax:            (702) 796-7181
    jsmyth@kcnvlaw.com
8
    **Attorneys for Plaintiff**
9

10                          DISTRICT COURT

11                    CLARK COUNTY, NEVADA

12   GRAND CANAL SHOPS II, LLC, a Delaware        Case No. A-11-651462-C
     limited liability company,                   Dept. No. XIX
13
                      Plaintiff,
14   vs.                                          **<u>ACCEPTANCE OF SERVICE</u>**

15   RICCARDO IAVARONE; and DOES I
     through X, inclusive,
16
                      Defendant.
17

18   / . / . / . /

19   / . / . / . /

20   / . / . / . /

21   / . / . / . /

22   / . / . / . /

23   / . / . / . /

24   / . / . / . /

KAEMPFER CROWELL RENSHAW
GRONAUER & FIORENTINO
8345 West Sunset Road
Suite 250
Las Vegas, Nevada 89113

1083178_1.DOC  11453.198

1        The undersigned hereby accepts service of the Summons to Riccardo Iavarone and

2  Complaint on behalf of Defendant RICCARDO IAVARONE in the above-entitled action.

3        DATED this _____ day of January, 2012.

4

5                WILLIAM E. COOPER LAW OFFICES

6

7           BY: _____

8                WILLIAM E. COOPER, ESQ.
                    601 East Bridger Avenue

9                Las Vegas, Nevada 89101
                    ***Attorneys for Defendant***

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

KAEMPFER CROWELL RENSHAW
GRONAUER & FIORENTINO
8345 West Sunset Road
Suite 250
Las Vegas, Nevada 89113

1083178_1.DOC  11453.198

**EXHIBIT 3**

Electronically Filed
02/09/2012 04:40:09 PM

**CLERK OF THE COURT**

1   ANS
   William E. Cooper, Esq.
2   William E. Cooper Law Offices
   Nevada State Bar No. 2213
3   601 E. Bridger Avenue
   Las Vegas, Nevada 89101
4   (702) 382-5111

5   Attorney for Defendant,
       Riccardo Iavarone

6

7

8                           DISTRICT COURT

9                     CLARK COUNTY, NEVADA

10

11   GRAND CANAL SHOPS II, LLC, a          )   Case No.     A-11-651462-C
    Delaware limited liability company,   )   Dept. No.    XIX
12                                         )
                   Plaintiff,   )   **DEFENDANT RICCARDO**
13                                         )   **IAVARONE'S ANSWER TO**
    vs.                                   )   **PLAINTIFF'S COMPLAINT**
14                                         )
    RICCARDO IAVARONE; and DOES I          )
15   through X, inclusive,                  )
                              )
16                         Defendant.      )
    _____)
17

18        Comes now, Defendant Riccardo Iavarone ("Iavarone"), as and for his answer to the

19   Complaint on file herein, admits, denies and avers as follows:

20        1.     Answering Paragraph 1, admits that according to the official record of the Nevada

21   Secretary of State, attached hereto as Exhibit A, Plaintiff is a Delaware Limited Liability Company

22   with members/managers who are citizens of the State of Illinois.

23        2.     Answering Paragraph 2, based on the Affidavit of Riccardo Iavarone which is

24   attached hereto as Exhibit B, denies Defendant was a resident and living in the State of Nevada at

25   all relevant times.  Instead, at all relevant times Defendant was and is a United States citizen residing

26   and domiciled in the State of New York.

27        3.     Answering Paragraph 3, lacks sufficient knowledge as to the truth or falsity of the

28   allegations contained therein and for that reason denies the allegations contained therein.

4.      Answer Paragraphs 5, 6, 21, 24, 25, 26, 27, 28, 29, 30, 31 and 32, denies the allegations contained therein.

5.      Answering Paragraphs 8, 9 and 12, admits the allegations contained therein.

6.      Answering Paragraph 10, admits the lease was for approximately 10 years, expiring February 28, 2017, but denies every other allegation contained therein.

7.      Answering Paragraph 11, admits only that the Lease speaks for itself as to the terms contained therein, but denies each and every other allegation.

8.      Answering Paragraphs 13, 14, 15 and 16, admits Lanciani ceased making payments under the Lease, received a Notice of Default, was served with a Five Day Notice to Pay or Quit and vacated the Lease Premises, but lacks sufficient knowledge as to the truth or falsity of the remaining allegations and for that reason denies the allegations.

9.      Answering Paragraphs 17, 18 and 19, lacks sufficient knowledge as to the truth or falisty of the allegations contained therein with reference to case number A5965814, and for that reason denies the allegations contained therein.

10.     Answering Paragraphs 20 and 23, admits Defendant was the President and one of the officers, and shareholders of Lanciani of Las Vegas, Inc., but denies each and every other allegation contained therein.

11.     Answering Paragraphs 4, 7 and 22, Defendant incorporates his answers to Paragraphs 1 to 32 of the Complaint.

**FIRST DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Lack of jurisdiction over the person.

**THIRD DEFENSE**

Plaintiff's claim is barred by the Doctrine of Waiver.

**FOURTH DEFENSE**

Plaintiff has failed to mitigate damages.

/ / /

2

**FIFTH DEFENSE**

Plaintiff's claim is barred by the applicable statute of limitations.

**SIXTH DEFENSE**

Defendant is entitled to a set-off.

**SEVENTH DEFENSE**

Plaintiff's claim is barred by the Doctrine of Laches.

**EIGHTH DEFENSE**

Plaintiff is estopped from asserting any rights which it may have against this Defendant.

**NINTH DEFENSE**

Pursuant to NRCP Rule 11, as amended, all possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon the filing of Defendant's Answer, and as such, answering Defendant reserves the right to amend this answer to add additional affirmative defenses if subsequent investigation and discovery warrants such an action.

. . . .

WHEREFORE, Defendant Riccardo Iavarone prays as follows:

  a.  That Plaintiff take nothing by reason of its Complaint;

  b.  That Defendant be awarded his costs, expenses and attorney fees incurred in the defense of this action;

  c.  That Plaintiff's Complaint be dismissed; and

  d.  For such other relief as the court deems just and proper.

Dated this 9th day of February, 2012.

WILLIAM E. COOPER LAW OFFICES

By   /s/ William E. Cooper, Esq.
  William E. Cooper, Esq.
  Nevada State Bar No. 2213
  601 E. Bridger Avenue
  Las Vegas, Nevada 89101
  Attorney for Defendant,
   Riccardo Iavarone

3

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the **DEFENDANT RICCARDO IAVARONE'S ANSWER TO PLAINTIFF'S COMPLAINT**, has been forwarded to the following parties on the 9th day of February, 2012.

**Via Regular Mail**
Lesley B. Miller
Kaempfer Crowell Renshaw
Gronauer & Fiorentino
8345 W. Sunset Road, Suite 250
Las Vegas, Nevada 89113


By:   /s/ Diedre N. Hoffman
Diedre N. Hoffman, an employee
of William E. Cooper Law Offices

4

**EXHIBIT A**

# GRAND CANAL SHOPS II, LLC

## Business Entity Information

| | | | |
|---|---|---|---|
| Status: | **Active** | File Date: | 5/31/2002 |
| Type: | **Foreign Limited-Liability Company** | Entity Number: | **LLC6575-2002** |
| Qualifying State: | **DE** | List of Officers Due: | 5/31/2012 |
| Managed By: | **Managers** | Expiration Date: | 5/31/2502 |
| NV Business ID: | **NV20021067500** | Business License Exp: | 5/31/2012 |

## Additional Information

| | |
|---|---|
| Central Index Key: | |

## Registered Agent Information

| | | | |
|---|---|---|---|
| Name: | **CSC SERVICES OF NEVADA, INC.** | Address 1: | **2215-B RENAISSANCE DR** |
| Address 2: | | City: | **LAS VEGAS** |
| State: | **NV** | Zip Code: | **89119** |
| Phone: | | Fax: | |
| Mailing Address 1: | | Mailing Address 2: | |
| Mailing City: | | Mailing State: | **NV** |
| Mailing Zip Code: | | | |
| Agent Type: | **Commercial Registered Agent - Corporation** | | |
| Jurisdiction: | **NEVADA** | Status: | **Active** |

## Financial Information

| | | | |
|---|---|---|---|
| No Par Share Count: | 0 | Capital Amount: | $ 0 |

**No stock records found for this company**

## Officers                                    ○ Include Inactive Officers

### Manager - ALAN J BAROCAS

| | | | |
|---|---|---|---|
| Address 1: | **110 N. WACKER DR** | Address 2: | |
| City: | **CHICAGO** | State: | **IL** |
| Zip Code: | **60606** | Country: | |
| Status: | **Active** | Email: | |

### Manager - STEVEN J DOUGLAS

| | | | |
|---|---|---|---|
| Address 1: | **110 N. WACKER DRIVE** | Address 2: | |
| City: | **CHICAGO** | State: | **IL** |
| Zip Code: | **60606** | Country: | |
| Status: | **Active** | Email: | |

### Manager - MICHELLE A DREYER

| | | | |
|---|---|---|---|
| Address 1: | **110 N. WACKER DRIVE** | Address 2: | |
| City: | **CHICAGO** | State: | **IL** |
| Zip Code: | **60606** | Country: | |
| Status: | **Active** | Email: | |

### Manager - EDMUND J HOYT

| | | | |
|---|---|---|---|
| Address 1: | **110 N. WACKER DR** | Address 2: | |

| | | | |
|---|---|---|---|
| City: | CHICAGO | State: | IL |
| Zip Code: | 60606 | Country: | |
| Status: | Active | Email: | |

**Manager - ANDREW T PANACCIONE**

| | | | |
|---|---|---|---|
| Address 1: | 110 N. WACKER DR. | Address 2: | |
| City: | CHICAGO | State: | IL |
| Zip Code: | 60606 | Country: | |
| Status: | Active | Email: | |

## Actions\Amendments

| | | | |
|---|---|---|---|
| Action Type: | Application for Foreign Registration | | |
| Document Number: | LLC6575-2002-001 | # of Pages: | 1 |
| File Date: | 5/31/2002 | Effective Date: | |

(No notes for this action)

| | | | |
|---|---|---|---|
| Action Type: | Annual List | | |
| Document Number: | LLC6575-2002-006 | # of Pages: | 1 |
| File Date: | 7/26/2002 | Effective Date: | |

(No notes for this action)

| | | | |
|---|---|---|---|
| Action Type: | Annual List | | |
| Document Number: | LLC6575-2002-005 | # of Pages: | 1 |
| File Date: | 4/15/2003 | Effective Date: | |

(No notes for this action)

| | | | |
|---|---|---|---|
| Action Type: | Annual List | | |
| Document Number: | LLC6575-2002-002 | # of Pages: | 1 |
| File Date: | 5/10/2004 | Effective Date: | |

List of Officers for 2004 to 2005

| | | | |
|---|---|---|---|
| Action Type: | Amendment | | |
| Document Number: | LLC6575-2002-003 | # of Pages: | 1 |
| File Date: | 5/17/2004 | Effective Date: | |

CERTIFICATE OF AMENDMENT FILED AMENDING ARTICLES 5,6 & 7. (2)PGS MLJ

| | | | |
|---|---|---|---|
| Action Type: | Registered Agent Change | | |
| Document Number: | LLC6575-2002-004 | # of Pages: | 1 |
| File Date: | 5/17/2004 | Effective Date: | |

NATIONAL CORPORATE RESEARCH, LTD.

202 S. MINNESOTA CARSON CITY NV 89703 MLJ

| | | | |
|---|---|---|---|
| Action Type: | Annual List | | |
| Document Number: | 20050172877-49 | # of Pages: | 1 |
| File Date: | 5/09/2005 | Effective Date: | |

(No notes for this action)

| | | | |
|---|---|---|---|
| Action Type: | Annual List | | |
| Document Number: | 20060296857-45 | # of Pages: | 1 |
| File Date: | 5/08/2006 | Effective Date: | |

(No notes for this action)

| | | | |
|---|---|---|---|
| Action Type: | Annual List | | |
| Document Number: | 20070328659-52 | # of Pages: | 1 |
| File Date: | 5/09/2007 | Effective Date: | |

(No notes for this action)

| | | | |
|---|---|---|---|
| Action Type: | Annual List | | |
| Document Number: | 20080320359-82 | # of Pages: | 1 |
| File Date: | 5/08/2008 | Effective Date: | |

(No notes for this action)

| | | | |
|---|---|---|---|
| Action Type: | Annual List | | |

| Document Number: | 20090497292-34 | # of Pages: | 1 |
| File Date: | 6/22/2009 | Effective Date: | |
| {No notes for this action} | | | |
| Action Type: | Annual List | | |
| Document Number: | 20100286492-14 | # of Pages: | 1 |
| File Date: | 4/29/2010 | Effective Date: | |
| {No notes for this action} | | | |
| Action Type: | Annual List | | |
| Document Number: | 20110397711-42 | # of Pages: | 2 |
| File Date: | 5/27/2011 | Effective Date: | |
| {No notes for this action} | | | |

**EXHIBIT B**

# AFFIDAVIT OF RICCARDO IAVARONE

STATE OF NEW YORK      )
                              ) ss.
COUNTY OF _Queens_     )

RICCARDO IAVARONE, being duly sworn, deposes and says:

1.     I am the named Defendant in a case entitled: *Grand Canal Shops II, LLC v. Riccardo Iavarone*, Case No. A-11-651-462-C, Dept. No. XIX, filed in the Eighth Judicial District Court of the State of Nevada, in and for the County of Clark.

2.     I have reviewed the Complaint. Paragraph 2 of the Complaint alleges that at all relevant times I was a resident of County of Clark and living in the State of Nevada. That allegation is false. At all relevant times I have been and I am domiciled in and a resident and citizen of the State of New York.

 

                                                                 _____
                                                           RICCARDO IAVARONE

SUBSCRIBED and SWORN to me
before this 9TH day of February, 2012.

_____
NOTARY PUBLIC in and for said
COUNTY and STATE

JOHN A. GHEDINI
Notary Public, State of New York
No. 01GH6017476
Qualified in Queens County
Commission Expires Dec. 14, 2014

1

**EXHIBIT 4**

Electronically Filed
09/20/2010 10:50:12 AM

*[signature]*

**CLERK OF THE COURT**

1  **ORDR**
JAMES E. SMYTH II
2  Nevada Bar No. 6506
ANTHONY J. CELESTE
3  Nevada Bar No. 8776
KAEMPFER CROWELL RENSHAW
4  GRONAUER & FIORENTINO
8345 West Sunset Road, Suite 250
5  Las Vegas, Nevada  89113
Telephone:   (702) 792-7000
6  Fax:          (702) 796-7181
jsmyth@kcnvlaw.com
7  aceleste@kcnvlaw.com

8  Attorneys for Plaintiff

9                    DISTRICT COURT

10              CLARK COUNTY, NEVADA

11  GRAND CANAL SHOPS II, LLC, a Delaware      Case No. 09A596584
limited liability company and **debtor in**   Dept. No. XI
12  **possession,**

13              Plaintiff,                     **ORDER GRANTING DEFAULT
vs.                                            JUDGMENT AGAINST LANCIANI OF
14                                             LAS VEGAS INC. DBA LANCIANI
LANCIANI OF LAS VEGAS INC., a Nevada          TRAVEL JEWELRY**
15  corporation dba LANCIANI TRAVEL
JEWELRY; DOES I through X; and ROE
16  BUSINESS ENTITIES I through X, inclusive,

17              Defendants.

18

19          An Application having been duly made by Plaintiff GRAND CANAL SHOPS II, LLC

20  ("Plaintiff") for default judgment against Defendant LANCIANI OF LAS VEGAS INC. dba

21  LANCIANI TRAVEL JEWELRY ("Defendant"), and the Default having been entered for failure

22  to answer or otherwise defend as to Plaintiff's Complaint, and it appearing that the Defendant is a

23  /././

24  /././

KAEMPFER CROWELL RENSHAW
GRONAUER & FIORENTINO
8345 West Sunset Road
Suite 250
Las Vegas, Nevada  89113

862034_2.DOC  11453.198                                      Page 1 of 3

1  juristic entity, not in the military service of the United States and not an infant or incompetent

2  person, and good cause appearing therefor,

3  **IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that judgment is

4  entered in favor of Plaintiff GRAND CANAL SHOPS II, LLC and against Defendant

5  LANCIANI OF LAS VEGAS INC. dba LANCIANI TRAVEL JEWELRY, in the total sum of

6  $258,356.73 as further itemized herein below, which sum shall accrue interest at the statutory

7  rate as provided by law until satisfied in full.

8  **IT IS FURTHER ORDERED, ADJUDGED AND DECREED,** that said judgment is

9  itemized as follows:

10      a.    For the sum of $244,898.87 in past due rent, past due CAM charges, past due

11              HVAC charges, past due water charges, late fees, and other charges due under the

12              Lease;

13      b.    Upon written motion, for attorneys' fees in the amount of $3,732.50 and costs in

14              the amount of $513.40 reasonably incurred in the prosecution of this matter;

15      c.    For an award of pre-judgment interest at the statutory rate of prime plus 2%, or

16              5.25% (as of January 1, 2010), on the past due balance of $244,898.87 from

17              August 7, 2009 (date of service of process of Defendant) through August 24,

18              2010, totaling $13,457.86 ($35.23 per day for 382 days);

19      d.    For an award of post-judgment interest at the statutory rate of prime plus 2%,

20              currently 5.25% (as of January 1, 2010) and accruing on all amounts due and

21              owing to Plaintiff until judgment is satisfied in full;

22      e.    For a reservation of jurisdiction to revise the future/expectation damage award if

23              Plaintiff is unable to further mitigate its damages after August 1, 2010; and

24

KAEMPFER CROWELL RENSHAW
GRONAUER & FIORENTINO
8345 West Sunset Road
Suite 250
Las Vegas, Nevada 89113

862034_2.DOC   11453.198

Page 2 of 3

f.       Upon written motion, for a reservation of jurisdiction to revise the attorneys'
fees/costs damage award if Plaintiff is required to incur additional legal fees and
costs after August 1, 2010;

**IT IS SO ORDERED.**

DATED this _____ 9 _____ day of ~~August~~, 2010.
                                        September

_____
DISTRICT COURT JUDGE

Submitted by:

KAEMPFER CROWELL RENSHAW
GRONAUER & FIORENTINO

By: _____
        JAMES E. SMYTH II (Nevada Bar No. 6506)
        ANTHONY J. CELESTE (Nevada Bar No. 8776)
        8345 West Sunset Road, Suite 250
        Las Vegas, Nevada 89113
        **Attorneys for Plaintiff**

KAEMPFER CROWELL RENSHAW
GRONAUER & FIORENTINO
8345 West Sunset Road
Suite 250
Las Vegas, Nevada 89113

862034_2.DOC   11453.198

Page 3 of 3