JAMES E SMYTH II
Nevada Bar No. 6506
LESLEY B. MILLER
Nevada Bar No. 7987
KAEMPFER CROWELL RENSHAW
GRONAUER & FIORENTINO
8345 West Sunset Road, Suite 250
Las Vegas, Nevada 89113
Telephone:   (702) 792-7000
Fax:             (702) 796-7181
jsmyth@kcnvlaw.com
lmiller@kcnvlaw.com

***Attorneys for Plaintiff*** Grand Canal Shops II, LLC

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

GRAND CANAL SHOPS II, LLC,

        Plaintiff,

vs.

RICCARDO IAVARONE; and DOES I
through X, inclusive,

        Defendant.

2:12-cv-00213-KJD -RJJ

## **MOTION FOR REMAND**

    COMES NOW, Plaintiff, by and through its attorneys, KAEMPFER CROWELL RENSHAW GRONAUER & FIORENTINO, and hereby moves, pursuant to 28 U.S.C. 1447(c), for remand of the above-entitled action.

/./.

/./.

/./.

/./.

KAEMPFER CROWELL RENSHAW
GRONAUER & FIORENTINO
8345 West Sunset Road
Suite 250
Las Vegas, Nevada 89113

DATED this 21st day of February, 2012.

KAEMPFER CROWELL RENSHAW
GRONAUER & FIORENTINO

BY:   /s/ Lesley B. Miller
          JAMES E SMYTH II (Nevada Bar No. 6506)
          LESLEY B. MILLER (Nevada Bar No. 7987)
          8345 West Sunset Road, Suite 250
          Las Vegas, Nevada 89113
          *Attorneys for Plaintiff*

## POINTS AND AUTHORITIES

### I.

### PROCEDURAL BACKGROUND INDICATES DEFENDANT'S NOTICE OF REMOVAL IS NOT TIMELY

Defendant Noticed his Removal based on subject matter jurisdiction pursuant to 28 U.S.C. 1332(a) and 27 U.S.C. 1441(b). *See Notice of Removal of Action at Exhibit 1, Page 2, Paragraph 4.* Plaintiff, a corporate citizen of Illinois and New York, filed its Complaint on November 9, 2011. *See Complaint at Exhibit 2.* The Complaint lists a single Defendant, RICCARDO IAVARONE, a resident of New York, and brings causes of action for alter ego, generally. The Complaint also sets forth that this matter's value exceeds the jurisdictional minimum described in 28 U.S.C. § 1332 (a), (c):[1]

The Complaint describes,

"On or about May 29, 2009, Plaintiff sent Lanciani a Notice of Default for Non-Payment of Rent and Other Charges in the amount of $79,685.47,…"

*See Paragraph 14, at Exhibit 2.*

---

[1] In order for the federal court to obtain subject matter jurisdiction over this matter, diversity of citizenship must be satisfied. Diversity of citizenship requires:
    1)    that the amount in controversy exceed $75,000.00; and
    2)    that the action is between citizens of different states– i.e., no plaintiff can be a citizen of the same state as any defendant.

KAEMPFER CROWELL RENSHAW
GRONAUER & FIORENTINO
8345 West Sunset Road
Suite 250
Las Vegas, Nevada 89113

1  Thus, from the inception of this case, it was apparent that this matter was ripe for removal based

2  on subject matter jurisdiction.  Defendant noticed its removal on **February 10, 2012**.  See

3  Exhibit 1.  Defendant Iavarone was served with the Summons and Complaint on **December 15,**

4  **2011**.  *See Filed Summons and Affidavit of Service of Process, attached hereto as Exhibit 3.*  This

5  evinces Defendant has petitioned for removal beyond the deadline prescribed by statute and this

6  Motion for Remand should be granted, as:

7  "The petition for removal of a civil action … *shall* be filed within thirty days after the receipt by the defendant… of a copy of the initial pleading setting forth the claim for
8  relief." 28 U.S.C. § 1446 sub-section (b).

9  A timely Notice of Removal should have been filed <u>no later than</u> **January 14, 2012**.  Defendant

10  Iavarone's counsel was later served with a copy of the same Summons and Complaint on or

11  about January 24, 2012.  *See First Legal Run Slip to William Cooper, Esq. and signed*

12  *Acceptance of Service by Counsel at Exhibit 4.*  This, however, does not change the fact that

13  Defendant Iavarone, "through service or otherwise," received a copy of the initial pleading

14  setting forth the claim for relief upon which this action is based, as set forth in 28 U.S.C. 1446

15  which governs the procedure for removal.  Mr. Iavarone's notice of the claims against him on

16  this initial date started time running for him to remove his case to federal court, not the

17  subsequent courtesy service of the Complaint on counsel, which was made by Plaintiff in order

18  that counsel file an answer on Defendant's behalf.  Mr. Iavarone had notice of the Complaint on

19  or about December 15, 2012, when he was served with the Complaint.

**II.**

**LEGAL ARGUMENT**

A.  **LEGAL AUTHORITY FOR MOTION FOR REMAND**

Plaintiff brings this motion based on 28 U.S.C. § 1447(c), which provides in part:

A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under

1  section 1446(a) [28 USCS § 1446(a)]. If at any time before final judgment it appears that

2  the district court lacks subject matter jurisdiction, the case shall be remanded. An order
remanding the case may require payment of just costs and any actual expenses, including

3  attorney fees, incurred as a result of the removal.

4  Plaintiff has filed its Motion for Remand based in part on the fact that defects in removal

5  procedure mandate remand.

6  **B.**   **THE FACTS ILLUSTRATE THAT DEFENDANT DID NOT PETITION TO REMOVE THE CASE BY THE 30-DAY REMOVAL DEADLINE AND REMOVAL IS DEFECTIVE**

7

8  28 U.S.C. § 1446 sub-section (b) of the removal statute states:

9  "The notice of removal of a civil action or proceeding *shall be filed within thirty days after the receipt by the defendant, through service or otherwise*, of a copy of the initial

10  pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial

11  pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."

12

13  Removal is effectuated once a defendant files the notice of removal in federal court, gives notice

14  to the parties of the removal, and files a copy of the notice with the clerk of the court from which

15  the matter was removed. 28 U.S.C.S. § 1446(d).

16  The Summons and Complaint were "received by Defendant" on December 15, 2011. *See*

17  *Affidavit of Service of Process of Summons and Complaint at Exhibit 3.*  The case satisfied

18  diversity jurisdiction by this date and, as such, Defendant was on notice that the time for removal

19  began to run from December 15, 2010.  The Complaint itself made it abundantly clear the

20  diversity jurisdiction, by citizenship and by amount, existed.  However, the Petition for Removal

21  was not filed until February 10, 2012, and is not within the 30 days prescribed by statute.

22  **C.**   **REMOVAL JURISDICTION STATUTES SHOULD BE STRICTLY CONSTRUED AGAINST REMOVAL**

23

24  The statutes conferring removal jurisdiction are to be construed strictly because removal

jurisdiction encroaches on a state court's jurisdiction. See *Shamrock Oil & Gas Corp. v. Sheets*,

1  313 U.S. 100, 108-09, 85 L. Ed. 1214, 61 S. Ct. 868 (1941). Thus, in the interest of comity and

2  federalism, federal jurisdiction should be exercised only when it is clearly established, and any

3  ambiguity regarding the scope of § 1446(b) should be resolved in favor of remand to the state

4  courts. See *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. Ky. 1999).

5      The rightful independence and sovereignty of state governments require that the Federal

6  Courts scrupulously confine their own jurisdiction within the precise limits which the statute has

7  defined. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214. Stated

8  in another form, the concept is this: The removal of cases on the ground of diversity of

9  citizenship for trial in a state court is in derogation of state sovereignty.  Since removal pre-

10  supposes that the state involved is incompetent or unwilling to provide an impartial forum.

11  *Chicago, Rock Island & Pacific Ry. v. Martin*, 178 U.S. 245, l.c. 248, 20 S.Ct. 854, l.c. 855, 44

12  L.Ed. 1055. 2

13  **D.    THE COURT'S REMEDY IS REMAND**

14      If the federal court determines that removal was erroneous, the remedy is remand to the

15  state court from which the case was originally removed. 28 U.S.C. § 1447(c).  See also *Vasquez*

16  *v. N. County Transit Dis*t., 292 F.3d 1049, 1060 (9th Cir. Cal. 2002).

17  **E.    THE COURT MAY AWARD PLAINTIFF'S COSTS AND FEES**

18      28 USC 1446(a) imposes the requirements of FRCP 11 to notices of removal.  Also, 28

19  USC 1447(c) authorizes the district court, when remanding a case, to impose costs and actual

20  expenses, including attorney's fees, where appropriate.  Bad faith on the part of Defendant is not

21  a prerequisite to an award pursuant to 1447(c).  See e.g. *Garbie v. DaimlerChrysler Corp.*, 211

22  F.3d 407 (7th Cir. Ill. 2000), holding that, 28 U.S.C.S. § 1447(c) is not a sanctions rule; it is a

23  fee-shifting statute, entitling the district court to make whole the victorious party. An opponent's

24  bad faith may strengthen the position of a party that obtained a remand, but it is not essential to

KAEMPFER CROWELL RENSHAW
GRONAUER & FIORENTINO
8345 West Sunset Road
Suite 250
Las Vegas, Nevada 89113

1  an award, any more than under the multitude of other fee-shifting statutes.  See also *Balcorta v.*

2  *Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1106 (9th Cir. Cal. 2000), holding that case

3  law does permit an award of fees when a defendant's removal, while "fairly supportable," was

4  wrong as a matter of law.

### III.

### CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that this Court grant its Motion and
remand its case to State Court.

DATED this 21st day of February, 2012.

KAEMPFER CROWELL RENSHAW
GRONAUER & FIORENTINO

BY:    /s/ Lesley B. Miller
        JAMES E SMYTH II (Nevada Bar No. 6506)
        LESLEY B. MILLER (Nevada Bar No. 7987)
        8345 West Sunset Road, Suite 250
        Las Vegas, Nevada 89113
        *Attorneys for Plaintiff*

1

## CERTIFICATE OF MAILING

2    Pursuant to NRCP 5(b), I hereby certify that service of the foregoing **MOTION FOR**

3    **REMAND** was made this date by depositing a true copy of the same for mailing at Reno,

4    Nevada, addressed to each of the following:

5    WILLIAM E. COOPER, ESQ.
     601 East Bridger Avenue
6    Las Vegas, Nevada 89101
     **Attorney for Defendant**

7

8        DATED this 21st day of February, 2012.

9

10                                              /s/ Elizabeth E. Helms
                                                an employee of
11                                              Kaempfer Crowell Renshaw Gronauer & Fiorentino

12

13

14

15

16

17

18

19

20

21

22

23

24

KAEMPFER CROWELL RENSHAW
GRONAUER & FIORENTINO
8345 West Sunset Road
Suite 250
Las Vegas, Nevada 89113

1093702_1.DOC  11453.198

# Exhibit 1

# Exhibit 1

1  | William E. Cooper, Esq.
   | William E. Cooper Law Offices
2  | Nevada State Bar No. 2213
   | 601 E. Bridger Avenue
3  | Las Vegas, Nevada 89101
   | (702) 382-5111
4  |
   | Attorney for Defendant,
5  |     Riccardo Iavarone

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                      FOR THE DISTRICT OF NEVADA

10

11

12 | GRAND CANAL SHOPS II, LLC, a          )
   | Delaware limited liability company,   )
13 |                                       )
   |                    Plaintiff,         )   **NOTICE OF REMOVAL OF ACTION**
14 |                                       )   **UNDER 28 U.S.C. §1441(b) (Diversity)**
   | vs.                                   )
15 |                                       )
   | RICCARDO IAVARONE; and DOES I         )
16 | through X, inclusive,                 )
   |                                       )
17 |                    Defendant.         )
   | ----------------------------------    )

18

19 | TO:    CLERK OF THE ABOVE-ENTITLED COURT:

20 |        PLEASE TAKE NOTICE that Defendant Riccardo Iavarone ("Iavarone") hereby removes

21 | to this court the state court action described below.

22 |        1.      On November 9, 2011, an action was commenced in the Eighth Judicial District Court

23 | of the State of Nevada, in and for the County of Clark, entitled: *Grand Canal Shops II, LLC v.*

24 | *Riccardo Iavarone*, Case No. A-11-651-462-C, Dept. No. XIX. A copy of the Complaint is attached

25 | hereto as Exhibit 1.

26 |        2.      The first date upon which Defendant Iavarone received service of the Summons and

27 | Complaint was January 24, 2012. A copy of the Summons and Acceptance of Service is attached

28 | hereto as Exhibit 2.

                                        1

1    3.    On February 9, 2012, Defendant Iavarone filed his Answer to the Complaint in the

2    Eighth Judicial District Court.  A copy of the Answer is attached hereto as Exhibit 3.

3    4.    This action is a civil action over which this court has original jurisdiction under 28

4    U.S.C. §1332, and is one which may be removed to this court by Defendant Iavarone pursuant to the

5    provisions of 28 U.S.C §1441(b) in that it is a civil action between citizens of different states and

6    the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, because in

7    another civil action commenced in the Eighth Judicial District Court, in and for the County of Clark,

8    entitled *Grand Canal Shops II, LLC v. Lanciani of Las Vegas, Inc.*, Case No. 09A596584, Dept. No.

9    XI, Plaintiff recovered a money judgment in excess of $244,898 which Plaintiff now seeks to recover

10   from Defendant Iavarone in this action under the theory that he was the alter ego of Lanciani of Las

11   Vegas Inc. at all relevant times.  A copy of the Default Judgment in Case No. 09A596584 is attached

12   hereto as Exhibit 4.

13   5.    Complete diversity of citizenship exists, both at the time when this action was filed

14   and at the time of removal, in that Plaintiff Grand Canal Shops II, LLC, is a Delaware Limited

15   Liability Company and its members/managers are citizens of the State of Illinois.  See, Nevada

16   Secretary of State official public record attached to Defendant's Answer as Exhibit A; and at all

17   relevant times Defendant Iavarone was and is domiciled in and a resident and citizen of the State of

18   New York. See, Riccardo Iavarone's Affidavit attached to his Answer as Exhibit B.

19   6.    There are no other named Defendants in this action that have been served with a

20   Summons and Complaint.

21       Dated this 10th day of February, 2012.

22                                              WILLIAM E. COOPER LAW OFFICES

23

24                                              By   /s/ William E. Cooper, Esq.
                                                    William E. Cooper, Esq.
25                                                  Nevada State Bar No. 2213
                                                    601 E. Bridger Avenue
26                                                  Las Vegas, Nevada 89101
                                                    Attorney for Defendant,
27                                                      Riccardo Iavarone

28

                                              2

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(b) (Diversity),** has been forwarded to the following parties on the 10th day of February, 2012.

> ***Via Regular Mail***
> Lesley B. Miller
> Kaempfer Crowell Renshaw
> Gronauer & Fiorentino
> 8345 W. Sunset Road, Suite 250
> Las Vegas, Nevada 89113


By:   /s/ Diedre N. Hoffman
      Diedre N. Hoffman, an employee
      of William E. Cooper Law Offices

3

# EXHIBIT 1

Electronically Filed
11/09/2011 03:06:23 PM

*[signature]*

CLERK OF THE COURT

1 | **COMP**
JAMES E SMYTH II
2 | Nevada Bar No. 6506
LESLEY B. MILLER
3 | Nevada Bar No. 7987
ANTHONY J. CELESTE
4 | Nevada Bar No. 8776
KAEMPFER CROWELL RENSHAW
5 | GRONAUER & FIORENTINO
8345 West Sunset Road, Suite 250
6 | Las Vegas, Nevada  89113
Telephone:  (702) 792-7000
7 | Fax:          (702) 796-7181
jsmyth@kcnvlaw.com
8 |
*Attorneys for Plaintiff* Grand Canal Shops II, LLC
9 |

10 | DISTRICT COURT

11 | CLARK COUNTY, NEVADA

12 |

13 | GRAND CANAL SHOPS II, LLC, a Delaware
limited liability company,               Case No. A - 1 1 - 6 5 1 4 6 2 - C
14 |                                              Dept. No. X I X
                    Plaintiff,
15 | vs.
                                              **COMPLAINT**
16 | RICCARDO IAVARONE; and DOES I
through X, inclusive,
17 |
                    Defendant.
18 |

19 |     Plaintiff, GRAND CANAL SHOPS II, LLC ("Plaintiff"), by and through its attorneys,

20 | Kaempfer Crowell Renshaw Gronauer & Fiorentino, for its Complaint against the above-named

21 | Defendant, alleges as follows:

22 | **PARTIES**

23 |     1.    Plaintiff is, and at all times relevant herein was, a Foreign Limited-Liability

24 | Company.

*[vertical text left margin]* KAEMPFER CROWELL RENSHAW GRONAUER & FIORENTINO
8345 West Sunset Road
Suite 250
Las Vegas, Nevada  89113

1050570_1.DOC  11453.198

Page 1 of 7

2.    Upon information and belief, Defendant, RICCARDO IAVARONE ("IAVARONE"), at all times relevant herein, was a resident of and living in the State of Nevada, County of Clark.

3.    The true names of the Defendants identified as "Does 1 through 10" [Doe Defendants], are either unknown to Plaintiff, or their specific role in the conducts alleged herein are presently unknown to Plaintiff, and therefore Plaintiff sues the Doe Defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to allege the true names and capacities of the Doe Defendants at such time when they are ascertained.  Plaintiff believes they will be able to identify Doe Defendants after appropriate discovery has been completed.

## JURISDICTION AND VENUE

4.    Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs as if set forth in full herein.

5.    This Court has personal jurisdiction over the Defendant because (a) the Defendant was a resident of Nevada for purposes of personal jurisdiction and conduct business in Nevada, and (b) the causes of action arise from events taking place at least in part in Nevada.

6.    Pursuant to N.R.S. § 13.040, venue in this Court is appropriate because the one Defendant resided in this County.

## GENERAL ALLEGATIONS

7.    Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs as if set forth in full herein.

8.    On or about March 21, 2007, Plaintiff, as Landlord, entered into a Lease agreement (hereinafter the "Lease") with Lanciani of Las Vegas Inc., a Nevada corporation, dba Lanciani Travel Jewelry ("Lanciani"), as Tenant.  The Lease was executed by Defendant IAVARONE in his capacity of president of Lanciani.

9.     Pursuant to the terms of the Lease, Lanciani agreed to lease Space #2010 in the GCS Mall, located at 3377 Las Vegas Boulevard South, Las Vegas, Nevada 89109 (the "Leased Premise").

10.     The term of the Lease was for approximately ten (10) years commencing on June 1, 2007, and expiring February 28, 2017.

11.     Pursuant to the terms of the Lease, Lanciani agreed to a Fixed Minimum Rent payment schedule as well as other periodic payments as additional "Rent" for real property taxes, utilities, Lanciani's prorata share of common area expenses (CAMs) and the Marketing, Advertising, Promotional Service Charge.

12.     On or about May 1, 2001, Plaintiff and Lanciani entered into the First Amendment of Lease agreement which re-defined the Rent Commencement Date as June 22, 2007, and made no other changes or modifications to the Lease and ratified and confirmed all remaining terms of the Lease.  The First Amendment was executed by Defendant IAVARONE as president of Lanciani.

13.     On or about December 1, 2008, Lanciani ceased making payments owed to Plaintiff under the Lease.

14.     On or about May 29, 2009, Plaintiff sent Lanciani a Notice of Default for Non-Payment of Rent and Other Charges in the amount of $79,685.47.

15.     Notwithstanding receipt of the Notice of Default, Lanciani failed to make payment of rent and other charges to Plaintiff and on June 16, 2009, served upon Lanciani a Five Day Notice to Pay or Quit the premises.

16.     Lanciani failed and refused to pay the amounts owed and shortly after service of the Five Day Notice, Lanciani vacated the Lease Premises.

17.     Lanciani did not made any of the payments owed under the Lease and on August

Page 3 of 7

4, 2009, Plaintiff filed a Complaint for Damages in the Eighth Judicial District Court, case number A5965814 ("District Court Action").

18.   On December 22, 2009, Clerk's Default was entered against Lanciani.

19.   On September 20, 2010, an Order Granting Default Judgment against Lanciani was entered in the District Court Action in favor of Plaintiff.

20.   Plaintiff is informed and believes and therefore alleges that Defendant IAVARONE is and/or was an officer, director, shareholder and/or owner of Lanciani, and is and was the primary beneficiary of all ownership interests therein.  In the exercise of ownership rights and the exercise of duties as officer, director, shareholder, and/or owner, IAVARONE exercised complete control over the activities and operations of Lanciani to the extent that Lanciani performed acts as the mere alter ego of Defendant IAVARONE. To recognize Lanciani as a separate entity and insulate the IVARONE from liability would in effect sanction injustice and operate as a fraud against Plaintiff.

21.   Plaintiff is further informed and believes that Defendant IAVARONE commingled funds and other assets, failed to segregate funds of Lanciani, conducted the unauthorized diversion of corporate funds or assets, including the use of a corporation as a mere shell, instrumentality or conduit for a single venture or the business of an individual or another corporation, and formed and used a corporation to transfer to it the existing liability of another person or entity.

## FIRST CLAIM FOR RELIEF

### Alter Ego

22.   Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs as if set forth in full herein.

KAEMPFER CROWELL RENSHAW
DRONUELR & FIORENTINO
8345 West Sahara Road
Suite 250
Las Vegas, Nevada 89113

23.   At all times relevant herein, Lanciani was influenced and governed by Defendant IAVARONE, who is and was the president, an officer, a director, a shareholder, and/or an owner of Lanciani and the primary beneficiary of all ownership interests therein.

24   Upon information and belief, there is a unity of interest and ownership between Lanciani and Defendant IAVARONE such that one is inseparable from the other.

25.   Upon information and belief, Defendant IAVARONE treated the assets of Lanciani as assets of IAVARONE.

26.   Upon information and belief, Defendant IAVARONE commingled funds and other assets, failed to segregate funds of Lanciani, conducted the unauthorized diversion of corporate funds or assets, including the use of a corporation as a mere shell, instrumentality or conduit for a single venture or the business of an individual or another corporation, and formed and used Lanciani to transfer to it the existing liability of IAVARONE.

27.   Upon information and belief, Defendant IAVARONE transferred assets from Lanciani to another entity in order to avoid payment of the debt owed to Plaintiff by Lanciani.

28.   Upon information and belief, IAVARONE was the alter ego of Lanciani so that to maintain the corporate formality would sanction a fraud or promote injustice to Plaintiff.

29.   Plaintiff requests that the Court find that Defendant IAVARONE was the alter ego of Lanciani, or that Defendant IAVARONE funneled assets to another entity owned by IAVARONE, and that this Court disregard corporate formalities and hold IAVARONE individually liable for all damages awarded in favor of Plaintiff.

30.   Upon information and belief, Defendant IAVARONE's acts include, but are not limited to, commingling of funds, undercapitalization, unauthorized diversion of funds, treatment of corporate assets as the individual's own, and failure to observe corporate formalities.

KAEMPFER CROWELL RENSHAW
GRONAUER & FIORENTINO
8345 West Sunset Road
Suite 250
Las Vegas, Nevada 89113

1        31.    Defendant IAVARONE's actions have caused damages to Plaintiff in an amount

2   in excess of $10,000.00, plus interest and costs.

3        32.    Plaintiff has incurred legal expenses and fees in connection with Defendant

4   IAVARONE's actions and Plaintiff is entitled to recovery of such legal expenses and fees as it

5   has been forced to retain the services of attorneys to prosecute this action.

6        WHEREFORE, Plaintiff prays for judgment against Defendant RICCARDO

7   IAVARONE, as follows:

8        1.    For judgment against Defendant IAVARONE in an amount in excess of

9   $10,000.00, which amount shall be proven at trial;

10       2.    For a judgment against Defendant IAVARONE for the past-due rent and charges

11   and the future rent and charges owed under the Lease;

12       3.    For an award of pre-judgment and post-judgment interest on all amounts due and

13   owing to Plaintiff.

14       4.    For attorneys' fees and costs; and

15

16

17   /././

18   /././

19   /././

20   /././

21   /././

22   /././

23   /././

24   /././

KAEMPFER CROWELL RENSHAW
GRONAUER & FIORENTINO
8345 West Sunset Road
Suite 250
Las Vegas, Nevada 89113

1050570_1.DOC  11453.198

5.    For such other and further relief as the Court may deem just and proper.

DATED this _____ day of November, 2011.

KAEMPFER CROWELL RENSHAW
GRONAUER & FIORENTINO

BY: _____
JAMES E. SMYTH II (Nevada Bar No. 6506)
LESLEY B. MILLER (Nevada Bar No. 7987)
ANTHONY J. CELESTE (Nevada Bar No. 8776)
8345 West Sunset Road, Suite 250
Las Vegas, Nevada 89169
*Attorneys for Plaintiff*

1050570_1.DOC  11453.198

# EXHIBIT 2

Electronically Filed
01/25/2012 01:09:37 PM

CLERK OF THE COURT

1  **ASCR**
   JAMES E SMYTH II
2  Nevada Bar No. 6506
   LESLEY B. MILLER
3  Nevada Bar No. 7987
   ANTHONY J. CELESTE
4  Nevada Bar No. 8776
   KAEMPFER CROWELL RENSHAW
5  GRONAUER & FIORENTINO
   8345 West Sunset Road, Suite 250
6  Las Vegas, Nevada 89113
   Telephone:  (702) 792-7000
7  Fax:          (702) 796-7181
   jsmyth@kcnvlaw.com
8
   **Attorneys for Plaintiff**
9

10                    DISTRICT COURT

11            CLARK COUNTY, NEVADA

12 GRAND CANAL SHOPS II, LLC, a Delaware     Case No. A-11-651462-C
   limited liability company,                Dept. No. XIX
13
                Plaintiff,
14 vs.                                        **ACCEPTANCE OF SERVICE**

15 RICCARDO IAVARONE; and DOES I
   through X, inclusive,
16
                Defendant.
17
18 /././
19 /././
20 /././
21 /././
22 /././
23 /././
24 /././

1083178_1 DOC  11453.198                              Page 1 of 2

1    The undersigned hereby accepts service of the Summons to Riccardo Iavarone and

2   Complaint on behalf of Defendant RICCARDO IAVARONE in the above-entitled action.

3    DATED this _____ day of January, 2012.

4                    WILLIAM E. COOPER LAW OFFICES

5

6

7    BY:    _____
             WILLIAM E. COOPER, ESQ.
8             601 East Bridger Avenue
             Las Vegas, Nevada 89101
9             *Attorneys for Defendant*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

KAEMPFER CROWELL RENSHAW
GRONAUER & FIORENTINO
6565 West Sahara Road
Suite 250
Las Vegas, Nevada 89113

1083178_1.DOC   11453.198                              Page 2 of 2

# EXHIBIT 3

Electronically Filed
02/09/2012 04:40:09 PM

*[signature]*

**CLERK OF THE COURT**

1  ANS
   William E. Cooper, Esq.
2  William E. Cooper Law Offices
   Nevada State Bar No. 2213
3  601 E. Bridger Avenue
   Las Vegas, Nevada 89101
4  (702) 382-5111

5  Attorney for Defendant,
       Riccardo Iavarone

6

7

8                        DISTRICT COURT

9                   CLARK COUNTY, NEVADA

10

11  GRAND CANAL SHOPS II, LLC, a          )   Case No.   A-11-651462-C
    Delaware limited liability company,   )   Dept. No.  XIX
12                                         )
                         Plaintiff,        )   **DEFENDANT RICCARDO**
13                                         )   **IAVARONE'S ANSWER TO**
    vs.                                    )   **PLAINTIFF'S COMPLAINT**
14                                         )
    RICCARDO IAVARONE; and DOES I          )
15  through X, inclusive,                  )
                                           )
16                       Defendant.        )
                                           )
17  - - - - - - - - - - - - - - - - - - - -

18         Comes now, Defendant Riccardo Iavarone ("Iavarone"), as and for his answer to the

19  Complaint on file herein, admits, denies and avers as follows:

20         1.     Answering Paragraph 1, admits that according to the official record of the Nevada

21  Secretary of State, attached hereto as Exhibit A, Plaintiff is a Delaware Limited Liability Company

22  with members/managers who are citizens of the State of Illinois.

23         2.     Answering Paragraph 2, based on the Affidavit of Riccardo Iavarone which is

24  attached hereto as Exhibit B, denies Defendant was a resident and living in the State of Nevada at

25  all relevant times. Instead, at all relevant times Defendant was and is a United States citizen residing

26  and domiciled in the State of New York.

27         3.     Answering Paragraph 3, lacks sufficient knowledge as to the truth or falsity of the

28  allegations contained therein and for that reason denies the allegations contained therein.

                                            1

4.      Answer Paragraphs 5, 6, 21, 24, 25, 26, 27, 28, 29, 30, 31 and 32, denies the allegations contained therein.

5.      Answering Paragraphs 8, 9 and 12, admits the allegations contained therein.

6.      Answering Paragraph 10, admits the lease was for approximately 10 years, expiring February 28, 2017, but denies every other allegation contained therein.

7.      Answering Paragraph 11, admits only that the Lease speaks for itself as to the terms contained therein, but denies each and every other allegation.

8.      Answering Paragraphs 13, 14, 15 and 16, admits Lanciani ceased making payments under the Lease, received a Notice of Default, was served with a Five Day Notice to Pay or Quit and vacated the Lease Premises, but lacks sufficient knowledge as to the truth or falsity of the remaining allegations and for that reason denies the allegations.

9.      Answering Paragraphs 17, 18 and 19, lacks sufficient knowledge as to the truth or falsity of the allegations contained therein with reference to case number A5965814, and for that reason denies the allegations contained therein.

10.     Answering Paragraphs 20 and 23, admits Defendant was the President and one of the officers, and shareholders of Lanciani of Las Vegas, Inc., but denies each and every other allegation contained therein.

11.     Answering Paragraphs 4, 7 and 22, Defendant incorporates his answers to Paragraphs 1 to 32 of the Complaint.

**FIRST DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Lack of jurisdiction over the person.

**THIRD DEFENSE**

Plaintiff's claim is barred by the Doctrine of Waiver.

**FOURTH DEFENSE**

Plaintiff has failed to mitigate damages.

/ / /

2

Case 2:12-cv-00213-KJD -RJJ   Document 1   Filed 02/10/12   Page 18 of 29

**FIFTH DEFENSE**

Plaintiff's claim is barred by the applicable statute of limitations.

**SIXTH DEFENSE**

Defendant is entitled to a set-off.

**SEVENTH DEFENSE**

Plaintiff's claim is barred by the Doctrine of Laches.

**EIGHTH DEFENSE**

Plaintiff is estopped from asserting any rights which it may have against this Defendant.

**NINTH DEFENSE**

Pursuant to NRCP Rule 11, as amended, all possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon the filing of Defendant's Answer, and as such, answering Defendant reserves the right to amend this answer to add additional affirmative defenses if subsequent investigation and discovery warrants such an action.

. . . .

WHEREFORE, Defendant Riccardo Iavarone prays as follows:

    a.    That Plaintiff take nothing by reason of its Complaint;

    b.    That Defendant be awarded his costs, expenses and attorney fees incurred in the defense of this action;

    c.    That Plaintiff's Complaint be dismissed; and

    d.    For such other relief as the court deems just and proper.

Dated this 9th day of February, 2012.

WILLIAM E. COOPER LAW OFFICES

By  /s/ William E. Cooper, Esq.
     William E. Cooper, Esq.
     Nevada State Bar No. 2213
     601 E. Bridger Avenue
     Las Vegas, Nevada 89101
     Attorney for Defendant,
     Riccardo Iavarone

3

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the **DEFENDANT RICCARDO IAVARONE'S ANSWER TO PLAINTIFF'S COMPLAINT**, has been forwarded to the following parties on the 9th day of February, 2012.

> **Via Regular Mail**
> Lesley B. Miller
> Kaempfer Crowell Renshaw
> Gronauer & Fiorentino
> 8345 W. Sunset Road, Suite 250
> Las Vegas, Nevada 89113

By: _/s/ Diedre N. Hoffman_
Diedre N. Hoffman, an employee
of William E. Cooper Law Offices

4

Case 2:12-cv-00213-KJD -RJJ   Document 1   Filed 02/10/12   Page 20 of 29

# EXHIBIT A

# GRAND CANAL SHOPS II, LLC

## Business Entity Information

| | | | |
|---|---|---|---|
| Status: | Active | File Date: | 5/31/2002 |
| Type: | Foreign Limited-Liability Company | Entity Number: | LLC6575-2002 |
| Qualifying State: | DE | List of Officers Due: | 5/31/2012 |
| Managed By: | Managers | Expiration Date: | 5/31/2502 |
| NV Business ID: | NV20021067500 | Business License Exp: | 5/31/2012 |

## Additional Information

| | |
|---|---|
| Central Index Key: | |

## Registered Agent Information

| | | | |
|---|---|---|---|
| Name | CSC SERVICES OF NEVADA, INC. | Address 1: | 2215-B RENAISSANCE DR |
| Address 2: | | City: | LAS VEGAS |
| State: | NV | Zip Code: | 89119 |
| Phone: | | Fax: | |
| Mailing Address 1: | | Mailing Address 2: | |
| Mailing City: | | Mailing State: | NV |
| Mailing Zip Code: | | | |
| Agent Type: | Commercial Registered Agent - Corporation | | |
| Jurisdiction: | NEVADA | Status: | Active |

## Financial Information

| | | | |
|---|---|---|---|
| No Par Share Count: | 0 | Capital Amount: | $ 0 |

**No stock records found for this company**

## Officers

     ◦ Include Inactive Officers

**Manager - ALAN J BAROCAS**

| | | | |
|---|---|---|---|
| Address 1: | 110 N. WACKER DR | Address 2: | |
| City: | CHICAGO | State: | IL |
| Zip Code: | 60606 | Country: | |
| Status: | Active | Email: | |

**Manager - STEVEN J DOUGLAS**

| | | | |
|---|---|---|---|
| Address 1: | 110 N. WACKER DRIVE | Address 2: | |
| City: | CHICAGO | State: | IL |
| Zip Code: | 60606 | Country: | |
| Status: | Active | Email: | |

**Manager - MICHELLE A DREYER**

| | | | |
|---|---|---|---|
| Address 1: | 110 N. WACKER DRIVE | Address 2: | |
| City: | CHICAGO | State: | IL |
| Zip Code: | 60606 | Country: | |
| Status: | Active | Email: | |

**Manager - EDMUND J HOYT**

| | | | |
|---|---|---|---|
| Address 1: | 110 N. WACKER DR | Address 2: | |

| City: | CHICAGO | State: | IL |
|---|---|---|---|
| Zip Code: | 60606 | Country: | |
| Status: | Active | Email: | |

**Manager - ANDREW T PANACCIONE**

| Address 1: | 110 N. WACKER DR. | Address 2: | |
|---|---|---|---|
| City: | CHICAGO | State: | IL |
| Zip Code: | 60606 | Country: | |
| Status: | Active | Email: | |

## Actions\Amendments

| Action Type: | Application for Foreign Registration | | |
|---|---|---|---|
| Document Number: | LLC6575-2002-001 | # of Pages: | 1 |
| File Date: | 5/31/2002 | Effective Date: | |

(No notes for this action)

| Action Type: | Annual List | | |
|---|---|---|---|
| Document Number: | LLC6575-2002-006 | # of Pages: | 1 |
| File Date: | 7/26/2002 | Effective Date: | |

(No notes for this action)

| Action Type | Annual List | | |
|---|---|---|---|
| Document Number | LLC6575-2002-005 | # of Pages: | 1 |
| File Date | 4/15/2003 | Effective Date: | |

(No notes for this action)

| Action Type: | Annual List | | |
|---|---|---|---|
| Document Number: | LLC6575-2002-002 | # of Pages: | 1 |
| File Date: | 5/10/2004 | Effective Date: | |

List of Officers for 2004 to 2005

| Action Type: | Amendment | | |
|---|---|---|---|
| Document Number: | LLC6575-2002-003 | # of Pages: | 1 |
| File Date: | 5/17/2004 | Effective Date: | |

CERTIFICATE OF AMENDMENT FILED AMENDING ARTICLES 5,6 & 7. (2)PGS MLJ

| Action Type: | Registered Agent Change | | |
|---|---|---|---|
| Document Number: | LLC6575-2002-004 | # of Pages: | 1 |
| File Date: | 5/17/2004 | Effective Date: | |

NATIONAL CORPORATE RESEARCH, LTD.

202 S. MINNESOTA CARSON CITY NV 89703 MLJ

| Action Type: | Annual List | | |
|---|---|---|---|
| Document Number: | 20050172877-49 | # of Pages: | 1 |
| File Date: | 5/09/2005 | Effective Date: | |

(No notes for this action)

| Action Type: | Annual List | | |
|---|---|---|---|
| Document Number: | 20060296857-45 | # of Pages: | 1 |
| File Date: | 5/08/2006 | Effective Date: | |

(No notes for this action)

| Action Type | Annual List | | |
|---|---|---|---|
| Document Number: | 20070328659-52 | # of Pages: | 1 |
| File Date: | 5/09/2007 | Effective Date: | |

(No notes for this action)

| Action Type: | Annual List | | |
|---|---|---|---|
| Document Number: | 20080320359-82 | # of Pages: | 1 |
| File Date: | 5/08/2008 | Effective Date: | |

(No notes for this action)

| Action Type: | Annual List | | |

Entity Details - Secretary of State, Nevada

Case 2:12-cv-00213-KJD -RJJ   Document 1   Filed 02/10/12   Page 23 of 29

Page 3 of 3

| Document Number: | 20090497292-34 | # of Pages: | 1 |
|---|---|---|---|
| File Date: | 6/22/2009 | Effective Date: | |
| (No notes for this action) | | | |
| Action Type: | Annual List | | |
| Document Number: | 20100286492-14 | # of Pages: | 1 |
| File Date: | 4/29/2010 | Effective Date: | |
| (No notes for this action) | | | |
| Action Type: | Annual List | | |
| Document Number: | 20110397711-42 | # of Pages: | 2 |
| File Date: | 5/27/2011 | Effective Date: | |
| (No notes for this action) | | | |

**EXHIBIT B**

1

## AFFIDAVIT OF RICCARDO IAVARONE

2

3  STATE OF NEW YORK        }
                            } ss.
4  COUNTY OF Queens         }

5       RICCARDO IAVARONE, being duly sworn, deposes and says:

6       1.      I am the named Defendant in a case entitled: *Grand Canal Shops II, LLC v. Riccardo*

7  *Iavarone*, Case No. A-11-651-462-C, Dept. No. XIX, filed in the Eighth Judicial District Court of

8  the State of Nevada, in and for the County of Clark.

9       2.      I have reviewed the Complaint.  Paragraph 2 of the Complaint alleges that at all

10  relevant times I was a resident of County of Clark and living in the State of Nevada.  That allegation

11  is false.  At all relevant times I have been and I am domiciled in and a resident and citizen of the

12  State of New York.

13

14                                          _____
                                            RICCARDO IAVARONE

15

16  SUBSCRIBED and SWORN to me
    before this 9TH day of February, 2012.

17

18  _____          JOHN A. GHEDINI
    NOTARY PUBLIC in and for said            Notary Public, State of New York
                                             No. 01GH6017476
19  COUNTY and STATE                         Qualified in Queens County
                                             Commission Expires Dec. 14, 20__

20

21

22

23

24

25

26

27

28

                                    1

# EXHIBIT 4

Electronically Filed
09/20/2010 10:50:12 AM

**CLERK OF THE COURT**

1  **ORDR**
   JAMES E. SMYTH II
2  Nevada Bar No. 6506
   ANTHONY J. CELESTE
3  Nevada Bar No. 8776
   KAEMPFER CROWELL RENSHAW
4  GRONAUER & FIORENTINO
   8345 West Sunset Road, Suite 250
5  Las Vegas, Nevada 89113
   Telephone:  (702) 792-7000
6  Fax:        (702) 796-7181
   jsmyth@kcnvlaw.com
7  aceleste@kcnvlaw.com

8  Attorneys for Plaintiff

9                      DISTRICT COURT

10              CLARK COUNTY, NEVADA

11 GRAND CANAL SHOPS II, LLC, a Delaware   Case No. 09A596584
   limited liability company and **debtor in**   Dept. No. XI
12 **possession**,

13              Plaintiff,                  **ORDER GRANTING DEFAULT**
   vs.                                      **JUDGMENT AGAINST LANCIANI OF**
14                                          **LAS VEGAS INC. DBA LANCIANI**
   LANCIANI OF LAS VEGAS INC., a Nevada     **TRAVEL JEWELRY**
15 corporation dba LANCIANI TRAVEL
   JEWELRY; DOES I through X; and ROE
16 BUSINESS ENTITIES I through X, inclusive,

17              Defendants.

18

19     An Application having been duly made by Plaintiff GRAND CANAL SHOPS II, LLC

20 ("Plaintiff") for default judgment against Defendant LANCIANI OF LAS VEGAS INC. dba

21 LANCIANI TRAVEL JEWELRY ("Defendant"), and the Default having been entered for failure

22 to answer or otherwise defend as to Plaintiff's Complaint, and it appearing that the Defendant is a

23 / / / /

24 / / / /

KAEMPFER CROWELL RENSHAW
GRONAUER & FIORENTINO
8345 West Sunset Road
Suite 250
Las Vegas, Nevada 89113

882034_2.DOC  11453.198                                              Page 1 of 3

1   juristic entity, not in the military service of the United States and not an infant or incompetent

2   person, and good cause appearing therefor,

3       **IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that judgment is

4   entered in favor of Plaintiff GRAND CANAL SHOPS II, LLC and against Defendant

5   LANCIANI OF LAS VEGAS INC. dba LANCIANI TRAVEL JEWELRY, in the total sum of

6   $258,356.73 as further itemized herein below, which sum shall accrue interest at the statutory

7   rate as provided by law until satisfied in full.

8       **IT IS FURTHER ORDERED, ADJUDGED AND DECREED**, that said judgment is

9   itemized as follows:

10       a.    For the sum of $244,898.87 in past due rent, past due CAM charges, past due

11           HVAC charges, past due water charges, late fees, and other charges due under the

12           Lease;

13       b.    Upon written motion, for attorneys' fees in the amount of $3,732.50 and costs in

14           the amount of $513.40 reasonably incurred in the prosecution of this matter;

15       c.    For an award of pre-judgment interest at the statutory rate of prime plus 2%, or

16           5.25% (as of January 1, 2010), on the past due balance of $244,898.87 from

17           August 7, 2009 (date of service of process of Defendant) through August 24,

18           2010, totaling $13,457.86 ($35.23 per day for 382 days);

19       d.    For an award of post-judgment interest at the statutory rate of prime plus 2%,

20           currently 5.25% (as of January 1, 2010) and accruing on all amounts due and

21           owing to Plaintiff until judgment is satisfied in full;

22       e.    For a reservation of jurisdiction to revise the future/expectation damage award if

23           Plaintiff is unable to further mitigate its damages after August 1, 2010; and

24

1      f.      Upon written motion, for a reservation of jurisdiction to revise the attorneys'

2          fees/costs damage award if Plaintiff is required to incur additional legal fees and

3          costs after August 1, 2010;

4      **IT IS SO ORDERED.**

5      DATED this ___9___ day of August, 2010.

        September

7             DISTRICT COURT JUDGE

8  Submitted by:

9  KAEMPFER CROWELL RENSHAW
   GRONAUER & FIORENTINO

10 By: _____

11    JAMES E. SMYTH II (Nevada Bar No. 6506)
    ANTHONY J. CELESTE (Nevada Bar No. 8776)

12    8345 West Sunset Road, Suite 250
    Las Vegas, Nevada 89113

13    **Attorneys for Plaintiff**

KAEMPFER CROWELL RENSHAW
GRONAUER & FIORENTINO
8345 West Sunset Road
Suite 250
Las Vegas, Nevada 89113

B62034_2.DOC  11453.198

Page 3 of 3

# Exhibit 2

# Exhibit 2

Electronically Filed
11/09/2011 03:06:23 PM

CLERK OF THE COURT

COMP
JAMES E SMYTH II
Nevada Bar No. 6506
LESLEY B. MILLER
Nevada Bar No. 7987
ANTHONY J. CELESTE
Nevada Bar No. 8776
KAEMPFER CROWELL RENSHAW
GRONAUER & FIORENTINO
8345 West Sunset Road, Suite 250
Las Vegas, Nevada 89113
Telephone:  (702) 792-7000
Fax:          (702) 796-7181
jsmyth@kcnvlaw.com

*Attorneys for Plaintiff* **Grand Canal Shops II, LLC**

DISTRICT COURT

CLARK COUNTY, NEVADA

GRAND CANAL SHOPS II, LLC, a Delaware
limited liability company,

        Plaintiff,

vs.

RICCARDO IAVARONE; and DOES I
through X, inclusive,

        Defendant.

Case No. A - 1 1 - 6 5 1 4 6 2 - C
Dept. No. X I X

**COMPLAINT**

Plaintiff, GRAND CANAL SHOPS II, LLC ("Plaintiff"), by and through its attorneys,

Kaempfer Crowell Renshaw Gronauer & Fiorentino, for its Complaint against the above-named

Defendant, alleges as follows:

**PARTIES**

1.      Plaintiff is, and at all times relevant herein was, a Foreign Limited-Liability

Company.

2.     Upon   information   and   belief,   Defendant,   RICCARDO   IAVARONE ("IAVARONE"), at all times relevant herein, was a resident of and living in the State of Nevada, County of Clark.

3.     The true names of the Defendants identified as "Does 1 through 10" [Doe Defendants], are either unknown to Plaintiff, or their specific role in the conducts alleged herein are presently unknown to Plaintiff, and therefore Plaintiff sues the Doe Defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to allege the true names and capacities of the Doe Defendants at such time when they are ascertained.  Plaintiff believes they will be able to identify Doe Defendants after appropriate discovery has been completed.

**JURISDICTION AND VENUE**

4.     Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs as if set forth in full herein.

5.     This Court has personal jurisdiction over the Defendant because (a) the Defendant was a resident of Nevada for purposes of personal jurisdiction and conduct business in Nevada, and (b) the causes of action arise from events taking place at least in part in Nevada.

6.     Pursuant to N.R.S. § 13.040, venue in this Court is appropriate because the one Defendant resided in this County.

**GENERAL ALLEGATIONS**

7.     Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs as if set forth in full herein.

8.     On or about March 21, 2007, Plaintiff, as Landlord, entered into a Lease agreement (hereinafter the "Lease") with Lanciani of Las Vegas Inc., a Nevada corporation, dba Lanciani Travel Jewelry ("Lanciani"), as Tenant.  The Lease was executed by Defendant IAVARONE in his capacity of president of Lanciani.

9.     Pursuant to the terms of the Lease, Lanciani agreed to lease Space #2010 in the GCS Mall, located at 3377 Las Vegas Boulevard South, Las Vegas, Nevada 89109 (the "Leased Premise").

10.     The term of the Lease was for approximately ten (10) years commencing on June 1, 2007, and expiring February 28, 2017.

11.     Pursuant to the terms of the Lease, Lanciani agreed to a Fixed Minimum Rent payment schedule as well as other periodic payments as additional "Rent" for real property taxes, utilities, Lanciani's prorata share of common area expenses (CAMs) and the Marketing, Advertising, Promotional Service Charge.

12.     On or about May 1, 2001, Plaintiff and Lanciani entered into the First Amendment of Lease agreement which re-defined the Rent Commencement Date as June 22, 2007, and made no other changes or modifications to the Lease and ratified and confirmed all remaining terms of the Lease.  The First Amendment was executed by Defendant IAVARONE as president of Lanciani.

13.     On or about December 1, 2008, Lanciani ceased making payments owed to Plaintiff under the Lease.

14.     On or about May 29, 2009, Plaintiff sent Lanciani a Notice of Default for Non-Payment of Rent and Other Charges in the amount of $79,685.47.

15.     Notwithstanding receipt of the Notice of Default, Lanciani failed to make payment of rent and other charges to Plaintiff and on June 16, 2009, served upon Lanciani a Five Day Notice to Pay or Quit the premises.

16.     Lanciani failed and refused to pay the amounts owed and shortly after service of the Five Day Notice, Lanciani vacated the Lease Premises.

17.     Lanciani did not made any of the payments owed under the Lease and on August

KAEMPFER CROWELL RENSHAW
GRONAUER & FIORENTINO
8345 West Sunset Road
Suite 250
Las Vegas, Nevada 89113

4, 2009, Plaintiff filed a Complaint for Damages in the Eighth Judicial District Court, case number A5965814 ("District Court Action").

18.     On December 22, 2009, Clerk's Default was entered against Lanciani.

19.     On September 20, 2010, an Order Granting Default Judgment against Lanciani was entered in the District Court Action in favor of Plaintiff.

20.     Plaintiff is informed and believes and therefore alleges that Defendant IAVARONE is and/or was an officer, director, shareholder and/or owner of Lanciani, and is and was the primary beneficiary of all ownership interests therein.  In the exercise of ownership rights and the exercise of duties as officer, director, shareholder, and/or owner, IAVARONE exercised complete control over the activities and operations of Lanciani to the extent that Lanciani performed acts as the mere alter ego of Defendant IAVARONE.  To recognize Lanciani as a separate entity and insulate the IVARONE from liability would in effect sanction injustice and operate as a fraud against Plaintiff.

21.     Plaintiff is further informed and believes that Defendant IAVARONE commingled funds and other assets, failed to segregate funds of Lanciani, conducted the unauthorized diversion of corporate funds or assets, including the use of a corporation as a mere shell, instrumentality or conduit for a single venture or the business of an individual or another corporation, and formed and used a corporation to transfer to it the existing liability of another person or entity.

## FIRST CLAIM FOR RELIEF

### Alter Ego

22.     Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs as if set forth in full herein.

KAEMPFER CROWELL, RENSHAW
GRONAUER & FIORENTINO
8345 West Sunset Road
Suite 250
Las Vegas, Nevada 89113

1050570_1.DOC  11453 198

23.   At all times relevant herein, Lanciani was influenced and governed by Defendant IAVARONE, who is and was the president, an officer, a director, a shareholder, and/or an owner of Lanciani and the primary beneficiary of all ownership interests therein.

24    Upon information and belief, there is a unity of interest and ownership between Lanciani and Defendant IAVARONE such that one is inseparable from the other.

25.   Upon information and belief, Defendant IAVARONE treated the assets of Lanciani as assets of IAVARONE.

26.   Upon information and belief, Defendant IAVARONE commingled funds and other assets, failed to segregate funds of Lanciani, conducted the unauthorized diversion of corporate funds or assets, including the use of a corporation as a mere shell, instrumentality or conduit for a single venture or the business of an individual or another corporation, and formed and used Lanciani to transfer to it the existing liability of IAVARONE.

27.   Upon information and belief, Defendant IAVARONE transferred assets from Lanciani to another entity in order to avoid payment of the debt owed to Plaintiff by Lanciani.

28.   Upon information and belief, IAVARONE was the alter ego of Lanciani so that to maintain the corporate formality would sanction a fraud or promote injustice to Plaintiff.

29.   Plaintiff requests that the Court find that Defendant IAVARONE was the alter ego of Lanciani, or that Defendant IAVARONE funneled assets to another entity owned by IAVARONE, and that this Court disregard corporate formalities and hold IAVARONE individually liable for all damages awarded in favor of Plaintiff.

30.   Upon information and belief, Defendant IAVARONE's acts include, but are not limited to, commingling of funds, undercapitalization, unauthorized diversion of funds, treatment of corporate assets as the individual's own, and failure to observe corporate formalities.

KAEMPFER CROWELL RENSHAW
GRONAUER & FIORENTINO
8345 West Sunset Road
Suite 250
Las Vegas, Nevada 89113

1    31.    Defendant IAVARONE's actions have caused damages to Plaintiff in an amount

2  in excess of $10,000.00, plus interest and costs.

3    32.    Plaintiff has incurred legal expenses and fees in connection with Defendant

4  IAVARONE's actions and Plaintiff is entitled to recovery of such legal expenses and fees as it

5  has been forced to retain the services of attorneys to prosecute this action.

6    WHEREFORE, Plaintiff prays for judgment against Defendant RICCARDO

7  IAVARONE, as follows:

8    1.    For judgment against Defendant IAVARONE in an amount in excess of

9  $10,000.00, which amount shall be proven at trial;

10    2.    For a judgment against Defendant IAVARONE for the past-due rent and charges

11  and the future rent and charges owed under the Lease;

12    3.    For an award of pre-judgment and post-judgment interest on all amounts due and

13  owing to Plaintiff.

14    4.    For attorneys' fees and costs; and

15

16

17  / . / . / . /

18  / . / . / . /

19  / . / . / . /

20  / . / . / . /

21  / . / . / . /

22  / . / . / . /

23  / . / . / . /

24  / . / . / . /

KAEMPFER CROWELL RENSHAW
GRONAUER & FIORENTINO
8345 West Sunset Road
Suite 250
Las Vegas, Nevada 89113

1050570_1.DOC  11453.198

Page 6 of 7

5.    For such other and further relief as the Court may deem just and proper.

DATED this _____ day of November, 2011.

KAEMPFER CROWELL RENSHAW
GRONAUER & FIORENTINO

BY: _____

JAMES E. SMYTH II (Nevada Bar No. 6506)
LESLEY B. MILLER (Nevada Bar No. 7987)
ANTHONY J. CELESTE (Nevada Bar No. 8776)
8345 West Sunset Road, Suite 250
Las Vegas, Nevada 89169
*Attorneys for Plaintiff*

# Exhibit 3

# Exhibit 3

**ORIGINAL**

Electronically Filed
01/04/2012 11:26:45 AM

*[signature]*

CLERK OF THE COURT

1 | SUMM
JAMES E SMYTH II
2 | Nevada Bar No. 6506
LESLEY B. MILLER
3 | Nevada Bar No. 7987
ANTHONY J. CELESTE
4 | Nevada Bar No. 8776
KAEMPFER CROWELL RENSHAW
5 | GRONAUER & FIORENTINO
8345 West Sunset Road, Suite 250
6 | Las Vegas, Nevada 89113
Telephone: (702) 792-7000
7 | Fax: (702) 796-7181
jsmyth@kcnvlaw.com

8

*Attorneys for Plaintiff* Grand Canal Shops II, LLC

9

10 | DISTRICT COURT

11 | CLARK COUNTY, NEVADA

12 | GRAND CANAL SHOPS II, LLC, a Delaware
limited liability company,                          Case No. A-11-651462-c
13 |                                                  Dept. No.  XIX

14 |              Plaintiff,
     vs.

15 | RICCARDO IAVARONE; and DOES I        SUMMONS TO RICCARDO IAVARONE
through X, inclusive,
16

17 |              Defendant.

18 |                        **SUMMONS – CIVIL**

19 | NOTICE!  YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU
WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS.  READ
20 |                  THE INFORMATION BELOW.

21 |                     **RICCARDO IAVARONE**

22 | TO THE DEFENDANT(S): A civil Complaint has been filed by the Plaintiff(s) against
you for the relief set forth in the Complaint.

23 | 1.     If you intend to defend this lawsuit, within 20 days after this Summons is served

24 | on you, exclusive of the day of service, you must do the following:

1058742_1.DOC  11453.198                                              Page 1

(a)     File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee.

(b)     Serve a copy of your response upon the attorney whose name and address is shown below.

2.     Unless you respond, your default will be entered upon application of the Plaintiff(s) and failure to so respond will result in a judgment of default against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3.     If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

4.     The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators each have 45 days after service of this Summons within which to file an Answer or other responsive pleading to the Complaint.

STEVEN D. GRIERSON
CLERK OF COURT

NOV 15 2011

Submitted by:
KAEMPFER CROWELL RENSHAW
GRONAUER & FIORENTINO

By: _____
Deputy Clerk               Date
Regional Justice Center  YVONNE HERNANDEZ

James E. Smyth II (Nevada Bar No. 6506)
Lesley B. Miller (Nevada Bar No. 7987)
Anthony J. Celeste (Nevada Bar No. 8776)
8345 w. Sunset Road, Suite 250
Las Vegas, Nevada 89113

**NOTE: When service is by publication, add a brief statement of the object of the action. See Nevada Rules of Civil Procedure 4(b).**

KAEMPFER CROWELL RENSHAW
GRONAUER & FIORENTINO
8345 West Sunset Road
Suite 250
Las Vegas, Nevada 89113

1058742_1.DOC  11453.198

Page 2

STATE OF NEVADA        **COUNTY OF CLARK**      Index #   A-11-651462-C
DISTRICT COURT
DISTRICT:
ATTORNEY(S): :  PH:
    ADDRESS: File No.:

*Grand Canal Shops II, LLC*

vs               *Plaintiff(s)/Petitioner(s)*

*Riccardo Iavarone;, et. al.*

               *Defendant(s)/Respondent(s)*

STATE OF NEW YORK, COUNTY OF WESTCHESTER:     **AFFIDAVIT OF SERVICE**

    Guy Djahoue       , being duly sworn deposes and says: Deponent is not a party herein, is over 18 years of age and resides in New York State. On  December 15, 2011  at   7:43pm  , at      341 Orienta Ave, Mamaroneck, NY 10543       , deponent served the within Summons and Complaint

on:      **Riccardo Iavarone**         **Defendant**     therein named.

**#1 INDIVIDUAL** [x]  By delivering a true copy of each to said recipient personally; deponent knew the person served to be the person described as said person therein.

**#2  ENTITY** [ ]  By delivering thereat a true copy of each to _____ personally, deponent knew the person so served to be the _____ of the entity authorized to accept service on behalf of the entity.

**#3 SUITABLE AGE PERSON** [ ]  By delivering a true copy of each to _____ a person of suitable age and discretion. Recipient knew the respondent and confirmed said premises is respondent's: [ ] actual place of business [ ] dwelling house (usual place of abode) within the state

**#4 AFFIXING TO DOOR** [ ]  By affixing a true copy of each to the door of said premises, which is recipient's: [ ] actual place of business [ ] dwelling house (place of abode) within the state.
Deponent was unable, with due diligence to find recipient or a person of suitable age and discretion, having called thereat
on the _____ day of _____ at _____
on the _____ day of _____ at _____
on the _____ day of _____ at _____
on the _____ day of _____ at _____
Address confirmed by _____

**#5 MAIL COPY** [ ]  On _____, deponent completed service by depositing a true copy of each document to the above address in a 1st Class postpaid properly addressed envelope marked "Personal and Confidential" in an official depository under the exclusive care and custody of the United States Post Office in the State of New York.

**#6 DESCRIPTION** [x]  A description of the Defendant, or other person served, or spoken to on behalf of the Defendant is as follows:
(use with #1, 2 or 3)  Sex:  Male   Color of skin:  White   Color of hair  Brown   Age:  Over 65 Yrs.   Height:  5' 4" - 5' 8"
Weight  131 - 160 Lbs.   Other Features:

**#7 WIT. FEES** [ ]  the authorized witness fee and / or traveling expenses were paid (tendered) to the recipient.

**#8 MILITARYSRVC** [x]  Deponent asked person spoken to whether the recipient was presently in military service of the United States Government or of the State of New York and was informed that recipient was not. Recipient wore ordinary civilian clothes and no military uniform.

**#9 OTHER** [ ]

Sworn to before me on   December 19, 2011

*Marcie Yellon*                          *Guy Djahoue*
MARCIE YELLON
NOTARY PUBLIC STATE OF NEW YORK                        Guy Djahoue
WESTCHESTER COUNTY
COMM. EXP.  4/27/2014                           Server's Lic #
                                             InvoiceWork Order 0944820

*INTER COUNTY JUDICIAL SERVICES LLC*

# Exhibit 4

# Exhibit 4

**First Legal**

## Support Services
### COURT • PROCESS • MESSENGER

Los Angeles (213) 250-1111 · Fax (213) 250-1197
Los Angeles (West) (310) 277-9111 · Fax (310) 277-9153
Inland Empire (951) 779-1110 · Fax (951) 779-0100
Sacramento (916) 444-5111 · Fax (916) 443-3111
San Diego (619) 231-9111 · Fax (619) 231-1361
San Francisco (415) 626-3111 · Fax (415) 626-1331
Santa Ana (714) 541-1110 · Fax (714) 541-8182
San Jose (408) 287-9711 · Fax (408) 287-5652
San Luis Obispo (805) 543-8919 · Fax (805) 541-4450
Ventura (805) 654-1535 · Fax (805) 654-1803
Las Vegas (702) 671-4002 · Fax (702) 974-2223
Phoenix (602) 248-9700 · Fax (602) 248-9727

All offices independently owned and operated

Web address: firstlegalsupport.com

DATE: 1/24/12   CTL#

FOR MESSENGER USE ONLY

| CHARGE TO: | AUTHORIZATION / REQUESTED BY | FIRST SERVICES USE ONLY |
|---|---|---|
| | SHERYL | DEL RT |
| | | ADVANCE FEES |
| | CHARGE REF. | WT / MIN |
| | 11453.198 | LBS. |
| | | COURT SERVICE |
| PICK UP FROM: | DELIVER TO: | CHECK CHG. |
| | WILLIAM COOPER | |
| | 601 EAST BRIDGER | |
| | LAS VEGAS 89101 | |
| TO SEE: | TO SEE: | |
| PHONE: | PHONE: 877-671-4140 | TOTAL |

| | | | Pieces | FIRST LEGAL ADDITIONAL USE |
| SPECIAL | ☒ REGULAR (4 Hrs.) | ☐ RETURN | Weight | |
| ASAP (1 Hr.) | ☐ NEXT DAY (BY ____) | ☒ NIGHT / WEEKEND SERVICE | P/U Time | |
| RUSH (2 Hrs.) | ☐ NFO | | | |

SPECIAL INSTRUCTIONS DELIVER SUMMONS / COMPLAINT +
GET ACCEPTANCE SIGNED. RETURN SIGNED
ACCEPTANCE ON NEXT REGULAR RUN.

| LEGIBLE SIGNATURE | DEL TIME | DRIVER | CHECK NO. | AMOUNT |
|---|---|---|---|---|
| | | 1 | | |
| | | 2 | 2 | 2 |

101 (Rev. 02-10)

LIABILITY FOR LOSS OR DAMAGE TO ITEMS LIMITED TO $250.00

MEMBER FIRM  CALIFORNIA ASSOCIATION OF PHOTOCOPIERS AND PROCESS SERVERS
NATIONAL ASSOCIATION OF PROFESSIONAL PROCESS SERVERS

1  **ASCR**
   JAMES E SMYTH II
2  Nevada Bar No. 6506
   LESLEY B. MILLER
3  Nevada Bar No. 7987
   ANTHONY J. CELESTE
4  Nevada Bar No. 8776
   KAEMPFER CROWELL RENSHAW
5  GRONAUER & FIORENTINO
   8345 West Sunset Road, Suite 250
6  Las Vegas, Nevada 89113
   Telephone:  (702) 792-7000
7  Fax:        (702) 796-7181
   jsmyth@kcnvlaw.com
8
   **Attorneys for Plaintiff**
9

10                        DISTRICT COURT

11               CLARK COUNTY, NEVADA

12  GRAND CANAL SHOPS II, LLC, a Delaware      Case No. A-11-651462-C
    limited liability company,                 Dept. No. XIX
13
              Plaintiff,
14                                             **ACCEPTANCE OF SERVICE**
    vs.
15
    RICCARDO IAVARONE; and DOES I
    through X, inclusive,
16
              Defendant.
17

18  /././

19  /././

20  /././

21  /././

22  /././

23  /././

24  /././

KAEMPFER CROWELL RENSHAW
GRONAUER & FIORENTINO
8345 West Sunset Road
Suite 250
Las Vegas, Nevada 89113

1083178_1.DOC  11453.198

1    The undersigned hereby accepts service of the Summons to Riccardo Iavarone and

2  Complaint on behalf of Defendant RICCARDO IAVARONE in the above-entitled action.

3    DATED this _____ day of January, 2012.

4                        WILLIAM E. COOPER LAW OFFICES

5

6

7    BY: _____
                    WILLIAM E. COOPER, ESQ.
8                    601 East Bridger Avenue
                    Las Vegas, Nevada 89101
9                    *Attorneys for Defendant*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

1  **SUMM**
   JAMES E SMYTH II
2  Nevada Bar No. 6506
   LESLEY B. MILLER
3  Nevada Bar No. 7987
   ANTHONY J. CELESTE
4  Nevada Bar No. 8776
   KAEMPFER CROWELL RENSHAW
5  GRONAUER & FIORENTINO
   8345 West Sunset Road, Suite 250
6  Las Vegas, Nevada  89113
   Telephone:  (702) 792-7000
7  Fax:          (702) 796-7181
   jsmyth@kcnvlaw.com
8
   *Attorneys for Plaintiff* **Grand Canal Shops II, LLC**
9

10                    DISTRICT COURT

11             CLARK COUNTY, NEVADA

12  GRAND CANAL SHOPS II, LLC, a Delaware   Case No.  A-11-651462-c
    limited liability company,              Dept. No.  X IX
13
              Plaintiff,
14  vs.                                     **SUMMONS TO RICCARDO IAVARONE**

15  RICCARDO IAVARONE; and DOES I
    through X, inclusive,
16
              Defendant.
17

18                  **SUMMONS – CIVIL**

19     NOTICE!  YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU
    WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS.  READ
20                   THE INFORMATION BELOW.

21                  **RICCARDO IAVARONE**

22     TO THE DEFENDANT(S): A civil Complaint has been filed by the Plaintiff(s) against
    you for the relief set forth in the Complaint.
23
       1.     If you intend to defend this lawsuit, within 20 days after this Summons is served
24  on you, exclusive of the day of service, you must do the following:

1058742_1.DOC  11453.198                                              Page 1

Electronically Filed
11/09/2011 03:06:23 PM

CLERK OF THE COURT

1 | **COMP**
JAMES E SMYTH II
2 | Nevada Bar No. 6506
LESLEY B. MILLER
3 | Nevada Bar No. 7987
ANTHONY J. CELESTE
4 | Nevada Bar No. 8776
KAEMPFER CROWELL RENSHAW
5 | GRONAUER & FIORENTINO
8345 West Sunset Road, Suite 250
6 | Las Vegas, Nevada 89113
Telephone:  (702) 792-7000
7 | Fax:          (702) 796-7181
jsmyth@kcnvlaw.com

8

*Attorneys for Plaintiff* **Grand Canal Shops II, LLC**

9

10 |                    DISTRICT COURT

11 |               CLARK COUNTY, NEVADA

12

13 | GRAND CANAL SHOPS II, LLC, a Delaware
limited liability company,                            Case No. A - 1 1 - 6 5 1 4 6 2 - C
14 |                                                              Dept. No. X I X
                        Plaintiff,
15 |
      vs.                                                    **COMPLAINT**
16 | RICCARDO IAVARONE; and DOES I
through X, inclusive,
17 |
                        Defendant.
18

19 |        Plaintiff, GRAND CANAL SHOPS II, LLC ("Plaintiff"), by and through its attorneys,

20 | Kaempfer Crowell Renshaw Gronauer & Fiorentino, for its Complaint against the above-named

21 | Defendant, alleges as follows:

22 |                                          **PARTIES**

23 |        1.        Plaintiff is, and at all times relevant herein was, a Foreign Limited-Liability

24 | Company.

1050570_1 DOC  11453 198                                                   Page 1 of 7



Electronically Filed
01/25/2012 01:09:37 PM

**CLERK OF THE COURT**

1   ASCR
    JAMES E SMYTH II
2   Nevada Bar No. 6506
    LESLEY B. MILLER
3   Nevada Bar No. 7987
    ANTHONY J. CELESTE
4   Nevada Bar No. 8776
    KAEMPFER CROWELL RENSHAW
5   GRONAUER & FIORENTINO
    8345 West Sunset Road, Suite 250
6   Las Vegas, Nevada 89113
    Telephone:   (702) 792-7000
7   Fax:          (702) 796-7181
    jsmyth@kcnvlaw.com
8
    **Attorneys for Plaintiff**
9

10                      DISTRICT COURT

11              CLARK COUNTY, NEVADA

12   GRAND CANAL SHOPS II, LLC, a Delaware        Case No. A-11-651462-C
     limited liability company,                   Dept. No. XIX
13
                     Plaintiff,
14   vs.                                          **ACCEPTANCE OF SERVICE**

15   RICCARDO IAVARONE; and DOES I
     through X, inclusive,
16
                     Defendant.
17

18   / . / . / . /

19   / . / . / . /

20   / . / . / . /

21   / . / . / . /

22   / . / . / . /

23   / . / . / . /

24   / . / . / . /

KAEMPFER CROWELL, RENSHAW
GRONAUER & FIORENTINO
8345 West Sunset Road
Suite 250
Las Vegas, Nevada 89113

1083178_1.DOC  11453.198                                      Page 1 of 2

1    The undersigned hereby accepts service of the Summons to Riccardo Iavarone and

2  Complaint on behalf of Defendant RICCARDO IAVARONE in the above-entitled action.

3    DATED this _____ day of January, 2012.

4

                    WILLIAM E. COOPER LAW OFFICES

5

6

7    BY:  _____
                WILLIAM E. COOPER, ESQ.
8                601 East Bridger Avenue
                Las Vegas, Nevada 89101
9                *Attorneys for Defendant*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

KAEMPFER CROWELL RENSHAW
GRONAUER & FIORENTINO
8345 West Sunset Road
Suite 250
Las Vegas, Nevada 89113

1083178_1.DOC  11453.198                                    Page 2 of 2