UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

GRAND CANAL SHOPS II, LLC,

    Plaintiff,

v.

RICCARDO IAVARONE,

    Defendant.

Case No. 2:12-CV-00213-KJD-RJJ

**ORDER**

Before the Court is Plaintiff's Motion to Remand (#5). Defendant has filed an opposition (#7) and Plaintiff has filed a reply (#10).

I. Background

On December 15, 2011, Plaintiff caused the Summons and Complaint to be served at 341 Orienta Ave., Mamaroneck, NY. The Affidavit of Service indicates that Summons and Complaint were served on a male over the age of 65 years. Defendant has submitted affidavits indicating that he is 40 years old and does not live at 341 Orienta Ave. Instead, Defendant avers that his father, who is over 65 years old, is the resident of the address where the documents were served. Defendant states that he did not receive the Summons and Complaint until his father gave them to him on January 3, 2012. On January 23, 2012, Defendant's counsel notified Plaintiff's counsel that formal service had not yet taken place and indicated that he would accept service for his client. On January 24, 2012,

the Summons and Complaint were formally served on Defendant's counsel.  The Notice of Removal was filed on February 10, 2012.

II. Discussion

Pursuant to 28 U.S.C. § 1446(b), a notice of removal must be filed "within thirty (30) days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b).

Plaintiff claims this case should be remanded because Defendant failed to remove the case within 30 days.  All other jurisdictional requirements are met, so the only issue here is when the 30-day period began to run.  Plaintiff contends that it began to run on December 15, 2011 when the Summons and Complaint were left at Defendant's father's home.  Alternatively, Plaintiff argues that the period began on January 3, 2012 when Defendant admits to having been given the copy of the Summons and Complaint by his father.  Defendant argues that he was not served until January 24, 2012, when counsel formally accepted service in his behalf.

Nevada law requires that the summons and complaint be served upon "the defendant personally, or by leaving copies thereof at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein."  NRCP 4(d)(6).  Because the Summons and Complaint were left at Defendant's father's home, the service on December 15, 2011 was ineffective.

Plaintiff's alternative contention is that the 30-day period began to run on January 3, 2012 when Defendant was given the copy of the Summons and Complaint that was left at his father's residence. According to Plaintiff, the phrase "through service or otherwise" in 28 U.S.C. § 1446(b) includes receiving the Summons and Complaint informally.  In <u>Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.</u>, 536 U.S. 344, 347–48 (1999), the United States Supreme Court interpreted 28 U.S.C. § 1446(b) based on the principle that:

> [a]n individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process. Accordingly, we hold that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, "through service or otherwise," after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service.

Thus, 28 U.S.C. § 1446(b)'s 30-day window begins to run once the defendant is notified of the action and brought under a court's authority by formal process. See Id.  See also Nascimento v. Wells Fargo Bank, NA, 2011 WL 3652595, 2 (D.Nev. 2011).  Defendant received formal service of process of January 24, 2012 and removed the case on February 10, 2012.  Removal was proper.  Accordingly, the Motion for Remand is denied.

III.  Conclusion

**IT IS HEREBY ORDERED THAT** Plaintiff's Motion to Remand (#5) is **DENIED**.

DATED this 19th day of April 2012.

_____
Kent J. Dawson
United States District Judge