# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

GRAND CANAL SHOPS II, LLC,

    Plaintiff,

v.

RICCARDO IAVARONE,

    Defendant.

Case No. 2:12-CV-00213-KJD-RJJ

**ORDER**

    Before the Court is Plaintiff Grand Canal Shops II, LLC's Motion to Amend Complaint (#19). Defendant Riccardo Iavarone has filed an opposition (#22) and Plaintiff filed a reply (#23). Plaintiff also filed a supplement to the Motion to Amend (#25).

    Defendant also filed a Motion to Strike Plaintiff's Reply (#24) and a Motion to Strike the Supplement (#28). Plaintiff filed oppositions (## 26, 29) and Defendant filed replies (## 27, 31).

I. Background

    Plaintiff is seeking recovery for various causes of action related to alleged mismanagement and unpaid debts of Lanciani of Las Vegas, Inc., d/b/a Lanciani Travel Jewelry. The parties to this action stipulated to August 28, 2012, as the final date to amend pleadings and to add parties. They also stipulated that discovery would conclude on November 28, 2012. On August 28, 2012, Plaintiff filed the Motion to Amend Complaint, which seeks to amend the complaint to add Rita Ivarone,

Case 2:12-cv-00213-KJD -RJJ   Document 32   Filed 12/04/12   Page 2 of 5

Gianfanco Ivarone, and Modital Bijoux Corp. as parties and to add causes of action for alter ego, civil conspiracy, fraud, fraudulent concealment, and intentional misrepresentation.  According to Plaintiff, documents produced during discovery indicate previously unknown involvement by these putative Defendants.

Defendant filed an opposition to the Motion to Amend, arguing that Plaintiff's Proposed Amended Complaint failed to meet the pleading standards of Federal Rule of Civil Procedure 9(b). In reply, Plaintiff stated that the claims in the Proposed Amended Complaint were sufficiently pled and were supported by documents and other evidence produced during discovery.  Plaintiff referenced these documents for the first time in the Reply and did not attach them to any pleadings. Plaintiff also argued that there was "unity of interest among the Corporate Group," an entity not identified in either the Proposed Amended Complaint or the Motion to Amend.  Finally, Plaintiff asked for opportunity to amend, should the Court conclude that the Proposed Amended Complaint was defective.  Defendant moved to strike the Reply on the grounds that it contained argument beyond the scope of the original motion and Proposed Amended Complaint.

Shortly thereafter, Plaintiff filed a "Supplement to Motion to Amend" consisting only of Plaintiff's Initial Expert Disclosure, which was apparently completed after the Motion to Amend had been filed.  Defendant moved to strike the supplement as improper.  Plaintiff, without citing any authority giving it a right to supplement its Motion to Amend, argued that "report supports the facts set forth in Plaintiff's Motion to Amend."

II. Discussion

    A. Standard for Leave to Amend

"After a party has amended a pleading once as a matter of course, it may only amend further after obtaining leave of the court, or by consent of the adverse party." Fed. R. Civ. P. 15(a).  Rule 15(a)(2) provides that courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).  Under this standard, there is a general "policy to permit amendment with 'extreme liberality.'" Chodos v. West Publ'g Co., 292 F.3d 992, 1003 (9th Cir. 2002) (quoting Morongo Band

2

of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990)).  This "extreme liberality" is tempered, however, by other considerations.  Thus, "[w]hen considering a motion for leave to amend, a district court must consider whether the proposed amendment results from undue delay, is made in bad faith, will cause prejudice to the opposing party, or is a dilatory tactic." Id. (citing Foman v. Davis, 371 U.S. 178, 182 (1962)); see also Forsyth v. Humana, Inc., 114 F.3d 1467, 1482 (9th Cir. 1997).

The reviewing court should also consider the futility of the proposed amendment. See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (citing Foman, 371 U.S. at 182).  Where there is undue prejudice to the opposing party, see Eminence, 316 F.3d at 1052, or futility of amendment, see Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995), such factors can, by themselves, "justify the denial of a motion for leave to amend," Id.  Additionally, where there is "a strong showing of any of the remaining . . . factors," denial of a motion for leave to amend is also justified.  Eminence, 316 F.3d at 1052.

B.  Sufficiency of Proposed Amended Complaint

Because the Motion for Leave to Amend was filed within the time frame to which the parties stipulated, there is no allegation that Plaintiff seeks amendment for a prejudicial or improper purpose.  Sufficiency is the only grounds on which Defendant challenges amendment.

Rule 9(b) states that a party asserting a claim for fraud or mistake "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b).  This heightened requirement may be met by making allegations "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." Bly-Magee v. California, 236 F.3d 1014, 1018 (9th Cir. 2001) (quoting Neubronner v. Milken, 6 F.3d 666, 672 (9th Cir. 1993)).  Such allegations must "state the time, place, and specific content of the [fraud] as well as the identities of the parties to the [fraud]." Schreiber Distrib. Co. v. Serve-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).  Rule 9(b)'s requirements apply to claims that, although lacking fraud as

an element-are, grounded or sound in fraud. See Vess v. Ciba-Geigy Corp., 317 F.3d 1097, 1103-04 (9th Cir.2003) (where plaintiff alleges a unified course of fraudulent conduct, claims may sound in fraud and pleading of that claim as a whole must satisfy the particularly requirement of Rule 9(b)).

The causes of action as set forth Plaintiff's Proposed Amended Complaint for alter ego, civil conspiracy, fraud, fraudulent concealment, and intentional misrepresentation are based on allegations that the putative Defendants acted together to engage in a part of a unified course of fraudulent conduct.  Specifically, Plaintiff alleges that recognition of "Lanciani as a separate entity and insulate the Defendants from liability would in effect sanction injustice and operate as a fraud against Plaintiff." (Proposed Amended Complaint ¶ 20.)  This allegation is incorporated into each cause of action. Accordingly, each of Plaintiff's claims must be pled with particularly.

The proposed Amended Complaint lacks the particularity required by Rule 9(b).  Specifically, the claims in the Proposed Amended Complaint fail to set forth facts showing the time, manner, and place of alleged fraudulent statements.  It does not identify the putative Defendants' roles in the alleged fraudulent conduct, or the specific nature of the alleged misconduct itself.  Instead, the allegations are general, conclusory, and lacking in detail which would put each putative Defendant on notice of what he did wrong.  Accordingly, the Motion to Amend is denied.

C.  Motions to Strike

Defendant's arguments that the Reply and Supplement filed by Plaintiff were inappropriate are well founded.  However, the Reply and Supplement were filed in support of the Motion to Amend.  Since the Court has denied the Motion to Amend and determined that the Proposed Amended Complaint was insufficient, the Motions to Strike are moot.

D.  Leave to Amend

Plaintiff has requested the opportunity to cure the defects in the Proposed Amended Complaint.  It appears from the pleadings that Plaintiff believes that it is now in possession of documentary and expert evidence which support its claims.  Given the liberal pleading standard of Rule 15, the Court will permit Plaintiff to file a final motion for leave to amend, together with

4

another proposed amended complaint.  Plaintiff is advised that the proposed amended complaint, as well as all future filings in this action, must comply in every respect with the Federal Rules of Civil Procedure.  Plaintiff is required to file any motion for leave to amend within 14 days from the date of this order.

III. Conclusion

**IT IS HEREBY ORDERED** that Plaintiff Grand Canal Shops II, LLC's Motion to Amend Complaint (#19) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike Plaintiff's Reply (#24) and a Motion to Strike the Supplement (#28) are **MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff may file a motion for leave to amend, together with a proposed amended complaint which complies in every respect with the Federal Rules of Civil Procedure, within 14 days from the date of this order.

DATED this 4th day of December 2012.

_____
Kent J. Dawson
United States District Judge