# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GRAND CANAL SHOPS II, LLC, | 2:12-cv-00213-APG-NJK |
| Plaintiff, | |
| vs. | **ORDER REGARDING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT** |
| RICCARDO IAVARONE, | |
| Defendant. | **(Dkt. #34)** |

Currently before the Court is Plaintiff's Motion for Leave to File Amended Complaint (Dkt. #34).

## BACKGROUND

On December 4, 2012, the court denied Plaintiff Grand Canal Shops II, LLC's Motion to Amend Complaint (Dkt. #19) because the proposed amended complaint lacked the particularity required by Federal Rule of Civil Procedure 9(b). (Dkt. #32.) The court granted Plaintiff leave "to file a final motion for leave to amend, together with another proposed amended complaint. Plaintiff [was] advised that the proposed amended complaint, as well as all future filings in this action, must comply in every respect with the Federal Rules of Civil Procedure." (*Id.* at 4:26-5:3.) Two weeks later, Plaintiff filed its Motion for Leave to File Amended Complaint (Dkt. #34) to add additional defendants and claims.

Plaintiff seeks recovery for alleged mismanagement and unpaid debts of Lanciani of Las Vegas, dba Lanciani Travel Jewelry ("Lanciani"). On December 1, 2008, Lanciani breached a

1

lease agreement with Plaintiff by failing to make required payments. (Dkt. #1, Ex. 1, Compl. ¶¶ 11-13.) On August 4, 2009, Plaintiff sued Lanciani in Nevada state court. On September 20, 2010, that court entered an Order Granting Default Judgment against Lanciani in favor of Plaintiff. (*Id.* ¶¶ 17-19.)

The original complaint filed in this action included only a single cause of action alleging alter ego liability against Riccardo Iavarone. The second Proposed Amended Complaint that is the subject of the instant motion seeks to add as parties Rita Iavarone, Gianfranco Iavarone, and Modital Bijoux Corp., and to add causes of action against all proposed defendants for alter ego liability, civil conspiracy, fraud, fraudulent concealment, and intentional misrepresentation.

## LEGAL STANDARD

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). When deciding whether to grant leave to amend, the district court should examine the following factors: "bad faith, undue delay, prejudice to the opposing party, and whether the plaintiff has previously amended the complaint." *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (internal quotation marks and citation omitted). The court also should consider the futility of the proposed amendment. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear on de novo review that the complaint could not be saved by amendment." *Id.* "The court's discretion to deny such leave is particularly broad where the plaintiff has previously amended its complaint." *Id.* (internal quotation marks and citation omitted). However, the court heeds the Ninth Circuit's instruction to apply Rule 15's policy favoring amendments with "extreme liberality." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).

A properly pled complaint is a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

2

555 (2007). Although detailed factual allegations are generally not required, Rule 8 demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, a proposed amended complaint must "contain[] enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 696 (internal quotation marks and citation omitted).

## DISCUSSION

The court rejected Plaintiff's previous proposed amended complaint because it failed to comply with Rule 9(b), which requires that a party alleging fraud "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). The previous proposed amended complaint incorporated an allegation of fraud into all causes of action, but did not specify any fraudulent statements made by the proposed Defendants.

The second Proposed Amended Complaint alleges that Lanciani was undercapitalized before it entered into a lease agreement with Plaintiff, and that the proposed Defendants conspired to and did fraudulently misrepresent Lanciani's financial capacity in order to induce Plaintiff to enter into the lease. As evidence of its allegations, Plaintiff cites to Exhibits G-L and S of Michael Rosten's expert report, which is itself an exhibit to Plaintiff's Motion for Leave to File Amended Complaint. (Dkt #34-5). Curiously, Plaintiff's second Proposed Amended Complaint does not refer to, attach, or incorporate Rosten's report or analysis; it simply cites only to "Exhibits G -L and S attached to M. Rosten's Report." (Dkt. 34-1 at 8:22-9:3.)

A document need not be attached to the complaint to be incorporated into it by reference if the plaintiff "refers extensively to the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). A document is incorporated by reference if (1) the complaint refers to it; (2) the document is central to the plaintiff's claim; and (3) no party questions the document's authenticity. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). The court may treat such a document as part of the complaint and

3

assume its contents are true for purposes of determining whether a claim has been sufficiently alleged. *Id.* The "authenticity" requirement may be excused when "the objecting party does not contest the authenticity of the evidence submitted but nevertheless makes an evidentiary objection based on purely procedural grounds." *Burch v. Regents of University of California*, 433 F. Supp. 2d 1110, 1120 (E.D. Cal. 2006).

Exhibit G to Rosten's report appears to be a printout of webpages from Lanciani's website. (Dkt. #34-6.) Exhibits H through L and S appear to be tables prepared by Rosten's staff summarizing financial information Defendant produced during discovery. (*Id.*; Dkt. #34-7.) Again, however, the second Proposed Amended Complaint makes no reference to Rosten's analysis of this data, nor does it explain what this data means.[1]

**A. First Claim: Alter Ego**

The First Claim for Relief in the second Proposed Amended Complaint asserts alter ego liability against all Defendants. (Dkt. 34-1 at 9:16-17.) The Nevada Supreme Court has repeatedly emphasized that the "corporate cloak is not lightly thrown aside," but it will be disregarded if "adherence to the fiction of a separate entity ... [would] sanction a fraud or promote injustice." *Baer v. Walker*, 85 Nev. 219, 452 P.2d 916, 916 (1969); *North Arlington Medical Bldg., Inc. v. Sanchez*, 86 Nev. 515, 520, 471 P.2d, 240, 243 (1970). To state a claim for alter ego liability, a plaintiff must allege that: (1) the corporation is influenced and governed by the person asserted to be its alter ego; (2) there is such unity of interest and ownership that one is inseparable from the other; and (3) the facts must be such that adherence to the fiction of separate entity would, under the circumstances, sanction a fraud or promote injustice. *Lorenzo v. Beltio, Ltd.*, 963 P.2d 488, 496 (Nev. 1998) (citations omitted). "It is not necessary that the

---

[1] In lieu of alleging facts in a "short and plain statement" that make out plausible claims, Plaintiff merely references several hundred pages of attached Exhibits with little explanation. "Prolix, confusing complaints ... impose unfair burdens on litigants and judges," and thus are vulnerable to dismissal. *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996). Here, Plaintiff directs Defendants and this Court to sift through exhibits attached to Plaintiff's expert report to parse Plaintiff's factual allegations into each claim.

4

plaintiff prove actual fraud. It is enough if the recognition of the two entities as separate would result in an injustice." *Polaris Indus. Corp. v. Kaplan*, 747 P.2d 884, 886 (Nev. 1987). In determining whether unity of interest exists, a court may consider commingling of funds, undercapitalization, unauthorized diversion of funds, treatment of corporate assets as the individual's own, and failure to observe corporate formalities. *Lorenz*, 963 P.2d at 497.

Plaintiff has not pled sufficient factual allegations to make out a plausible claim for alter ego liability against the proposed individual defendants Riccardo, Rita, or Gianfranco. Even if the Court were to treat Rosten's expert report and exhibits as part of the second Proposed Amended Complaint, those documents are insufficient to make out a claim of alter ego liability against Riccardo, Rita, or Gianfranco. Plaintiff alleges that Rita was president, chairman, chief executive officer, director and shareholder of Lanciani beginning in early 1993, and that Gianfranco was the secretary, treasurer, director and shareholder of Lanciani beginning in September 1, 1996. Plaintiff further alleges that the "Contract of Costume Jewelry Consignment Supply" between Modital and Lanciani was signed by Rita as President of Modital and by Riccardo as President of Lanciani. (Dkt. 34-1 at 8:12-15.) While this may show a "related-party transaction between affiliates," it does not make these defendants Lanciani's alter ego. That an individual held multiple positions in more than one organization and was involved in the businesses' day-to-day operations is not enough to establish alter ego liability; that happens with closely-held entities on a regular basis. Although Rosten contends that Lanciani failed to follow certain corporate formalities and made errors in reporting stock ownership (Dkt. 34-5 at 12), those allegations are not sufficient to show such a unity of interest and ownership that the entity is inseparable from the individual defendants. *Lorenzo*, 963 P.2d at 496.

However, when read in conjunction with the Rosten report, the second Proposed Amended Complaint does barely make out a claim for alter ego liability against Modital. Plaintiff alleges that Modital is an entity of the Lanciani Corporate Group ("Corporate Group"), and that self-dealing between Lanciani and Modital is evident from disclosures on the Lanciani and Modital websites. Rosten's report also contends, among other things, that Lanciani and

5

Modital share the same mailing address and trade name, that related entity LTJ-LV was a "captive distributor" of Modital, that several inter-company transactions occurred, that Lanciani was undercapitalized, and that the entities appear to have improperly shared revenue.

These and other allegations in the Rosten report sufficiently support potential alter ego liability against Modital so as to survive a motion to dismiss. Thus, Plaintiff may assert an alter ego claim against Modital, but not against the individual defendants.

### B. Second Claim: Civil Conspiracy

Under Nevada law, to state a cause of action for conspiracy, the complaint must allege (1) the formation and operation of the conspiracy; (2) the wrongful act or acts done pursuant to the conspiracy; and (3) the damage resulting from such act or acts. *Ungaro v. Desert Palace, Inc.*, 732 F.Supp 1522, 1534 n.3 (D. Nev. 1989). Conspiracy allegations must be more than mere conclusory statements. *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1979); *Williams v. Sumner*, 648 F.Supp. 510, 513 (D. Nev. 1986).

A claim of civil conspiracy to defraud requires more. The plaintiff must allege (1) a conspiracy agreement; (2) an overt act of fraud in furtherance of the conspiracy; and (3) resulting damages to the plaintiff. *Jordan v. State ex rel. Dept. of Motor Vehicles and Public Safety*, 121 Nev. 44, 110 P.3d 30, 51 (2005). In addition, an "underlying cause of action for fraud is a necessary predicate to a cause of action for conspiracy to defraud." *Id.* Thus, a claim for conspiracy to commit fraud must be pled with the same particularly as the fraud itself. *See Twombly*, 550 U.S. at 565 (2007). Allegations of conspiracy to defraud must be accompanied by "the who, what, when, where, and how of the misconduct charged." *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation marks omitted). A "plaintiff must allege with sufficient factual particularity that defendants reached some explicit or tacit understanding or agreement. It is not enough to show that defendants might have had a common goal unless there is a factually specific allegation that they directed themselves towards this wrongful goal by virtue of a mutual understanding or agreement." *S. Union Co. v. Southwest Gas*

*Corp.*, 165 F.Supp.2d 1010, 1020-21 (D. Ariz. 2001) (internal citations and quotation marks omitted); *Goodwin v. Executive Tr. Servs., LLC*, 680 F. Supp. 2d 1244, 1254 (D. Nev. 2010).

In this case, the second Proposed Amended Complaint does not allege facts making plausible a conspiracy agreement, nor does it make clear the nature of the fraudulent acts about which Defendants allegedly conspired. Plaintiff merely alleges in conclusory fashion that Defendants agreed to keep secret the commingling of funds and diversion of assets. Further, to the extent this claim is based on fraud, Plaintiff has failed to state with particularity that Defendants reached an explicit or tacit understanding or agreement to commit that fraud. Because Plaintiff has offered only conclusory allegations, this claim fails.

### C. Third, Fourth, and Fifth Claims: Fraud, Fraudulent Concealment, and Intentional Misrepresentation

The elements of fraud are: (1) a false representation, (2) knowledge or belief that the representation was false, (3) intent to induce reliance on the representation, (4) the reliance was justifiable, and (5) damages. *Lubbe v. Barba*, 91 Nev. 596, 540 P.2d 115, 117 (1975); *Goodwin v. Executive Tr. Servs., LLC*, 680 F.Supp.2d 1244, 1253-54 (D. Nev. 2010). The elements of intentional misrepresentation are similar: (1) a false representation that is made with either knowledge or belief that it is false or without a sufficient foundation, (2) an intent to induce another's reliance, and (3) damages that result from this reliance. *Nelson v. Heer*, 123 Nev. 217, 225, 163 P.3d 420, 426 (2007). Suppression or omission "'of a material fact which a party is bound in good faith to disclose is equivalent to a false representation, since it constitutes an indirect representation that such fact does not exist.'" *Id.* Damages must be proximately caused by reliance on the misrepresentation or omission. *Id.*

Where allegations of fraud are based only on "information and belief," the complaint must set forth the source of the information and the facts that are the reasons for the belief. *Wool v. Tandem Computers Inc.*, 818 F.2d 1433, 1439 (9th Cir. 1987).

Plaintiff's second Proposed Amended Complaint alleges as follows: "Plaintiff is informed and believes and therefore alleges that Defendants knowingly made false and

misleading representations and omissions of material facts, in order to obtain a Lease from Plaintiff." (Dkt. #34-1 at 8, ¶ 36; *see also Id.* at ¶¶ 65, 75, 82.) Plaintiff does not describe the content of the representations. Nor does Plaintiff explain how, when, or by whom the representations were made, or why they were false. Plaintiff further fails to describe with particularity Plaintiff's reliance on the alleged misrepresentations. Plaintiff merely recites the elements of each cause of action in conclusory fashion. Thus, these claims fail.

### D. Doe Defendants

Generally, "Doe" pleading is improper in federal court. *See Bogan v. Keene Corp.*, 852 F.2d 1238, 1239 (9th Cir. 1988). There is no provision in the Federal Rules of Civil Procedure permitting the use of fictitious defendants. *Fifty Associates v. Prudential Ins. Co.*, 446 F.2d 1187, 1191 (9th Cir. 1970). Accordingly, John Does IV-X must be deleted from the second Proposed Amended Complaint because they may destroy diversity. *McMillan v. Dep't of Interior*, 907 F. Supp. 322, 328-29 (D. Nev. 1995) *aff'd sub nom. McMillan v. U.S. Dep't of Interior*, 87 F.3d 1320 (9th Cir. 1996).

### E. Amendment

In its December 4, 2012 Order, the court granted Plaintiff leave "to file a final motion for leave to amend, together with another proposed amended complaint. Plaintiff [was] advised that the proposed amended complaint, as well as all future filings in this action, must comply in every respect with the Federal Rules of Civil Procedure." (Dkt. #32 at 4:26-5:3.) As discussed above, the second Proposed Amended Complaint satisfies this requirement in some respects. Plaintiff is granted leave to file an Amended Complaint, revised as set forth above, to include only an alter ego liability against Modital.

## CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff Grand Canal Shops II, LLC's Motion to Amend Complaint (Dkt. No. 34) is **DENIED in part**.

**IT IS FURTHER ORDERED** that Plaintiff may file an Amended Complaint, revised as set forth herein, within 14 days from the date of this Order.

DATED this 28th day of October, 2013.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE